UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| TZIVA RAPOPORT-HECHT, individually on behalf of herself and all others similarly situated, | ) ) ) ) | 14-CIV-9087 (KMK) **ORAL ARGUMENT REQUESTED** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SEVENTH GENERATION, INC. | ) ) | |
| Defendant. | ) | |

-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SEVENTH GENERATION INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**(FED. R. CIV. PROC. 12(b)(6))**

**Table of Contents**

I. Introduction ...................................................................................................................1

II. Statement of Facts ........................................................................................................2

III. Legal Standard ..............................................................................................................2

IV. Argument ......................................................................................................................3

    A. Plaintiff's Breach of Warranty Claims Should Be Dismissed ..............................3

        1. *The Essential Element of Privity Is Lacking* ...................................................3

        2. *Plaintiff Failed To Give The Required Notice Of Her Claim* .......................5

        3. *Plaintiff's Breach of Warranty Claims Are Not Sufficiently Pled* ................6

            a) Breach of Express Warranty .....................................................................6

            b) Breach of Implied Warranty of Merchantability .......................................7

            c) Breach of Implied Warranty of Fitness for Particular Purpose .................7

    B. The Complaint Fails to Give Sufficient Notice of the Products at Issue .............8

    C. Plaintiff's Conclusory Allegations Regarding General Business Law § 349 Do Not Meet the Plausibility Standard .................................................................................9

    D. Plaintiff Has No Standing to Request Injunctive Relief .....................................11

    E. Plaintiff's Claim Does Not Meet The Heightened Pleading Standard for Punitive Damages ..........................................................................................................13

V. CONCLUSION ...........................................................................................................15

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986) ................................................................................... 3, 4, 8

*Am Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp.*,
  7 F.2d 565, 566 (2d Cir. 1925) ........................................................................................ 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. *passim*

*Ault v J.M Smucker Co.*,
  13 Civ. 3409 (PAC), 2014 U.S. Dist. LEXIS 67118 (S.D.N.Y. May 15, 2014) ................ 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. *passim*

*Bertini v. Smith & Nephew, Inc.*,
  No. 13-CV-0079 (BMC), 2013 U.S. Dist. LEXIS 171021 (E.D.N.Y. July 15,
  2013) ................................................................................................................................ 6

*Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*,
  No. 13-CV- 4348, 2014 U.S. Dist. LEXIS 96097 (S.D.N.Y. Jul. 15, 2014 ) .............. 13, 14, 15

*Cent. States Se. & Sw. Areas Health & Welfare Fun v. Merck-Medco Managed
  Care, LLC*,
  433 F.3d 181 (2d Cir. 2005) ........................................................................................... 13

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ..................................................................................................... 11, 12

*Conley v. Gibson,*
  355 U.S. 41 (1957) ............................................................................................................. 8

*Cordova v. Smith & Nephew, Inc.*,
  No 14-CV-351 (JFB)(ARL), 2014 U.S. Dist. LEXIS 104956 (E.D.N.Y. July
  30, 2014) ........................................................................................................................... 6

*Deshawn E. by Charlotte E. v. Safir*,
  156 F.3d 340 (2d Cir. 1998) ......................................................................................... 11, 12

*DiBartolo v. Abbott Labs*,
  914 F. Supp. 2d 601 (S.D.N.Y. 2012) .......................................................................... 4, 7

*Ebin v. Kangadis Food, Inc.*,
   No. 13 Civ. 2311 (JSR), 2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 19,
   2013) ................................................................................................................................3, 4

*Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs.*,
   528 U.S. 167 (2000) ....................................................................................................... 11

*In re Frito-Lay N. Am., Inc.*,
   12-MD-2413 (RRM)(RLM), 2013 U.S. Dist. LEXIS 123824 (E.D.N.Y. Aug.
   29, 2013) ............................................................................................................................5

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ................................................................................... 6

*Koenig v. Boulder Brands, Inc.*,
   995 F. Supp. 2d 274 (S.D.N.Y. Jan. 31, 2014) ............................................................ 3, 4

*Llewellyn v. North Am. Trading*,
   93 Civ. 8894 (KMW)(HBP), 1997 U.S. Dist. LEXIS 22142 (S.D.N.Y. Dec.
   29, 1997) ........................................................................................................................... 7

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ...................................................................................................... 11

*Lyman v. NYS OASAS*,
   No. 1:12-CV-530, 2013 U.S. Dist. LEXIS 25828 (N.D.N.Y. Feb. 26, 2013) ........................ 2

*Martin v. Ford Motor Co.*,
   765 F. Supp. 2d 673 (E.D. Pa. 2011) ................................................................................ 5

*Maurizio v. Goldsmith*,
   230 F.3d 518 (2d Cir. 2000) (per curiam) .................................................................... 10

*Meserole v. Sony Corp. of Am., Inc.*,
   2009 U.S. Dist. LEXIS 42772 (S.D.N.Y. May 18, 2009) ........................................................ 8

*Miteva v. Third Point Mgmt. Co.*,
   323 F. Supp. 2d 573 (S.D.N.Y. 2004) ................................................................. 13, 14, 15

*Moses v. Citicorp Mortg., Inc.*,
   982 F. Supp. 897 (E.D.N.Y. 1997) ................................................................................. 10

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ...................................................................................................... 13

*Patane v. Clark,*
   508 F.3d 106 (2d Cir. 2007) ............................................................................................ 2

*Prue v. Fiber Composites, LLC*,
  No. 11-CV-3304 (ERK) (LB), 2012 U.S. Dist. LEXIS 54027 (E.D.N.Y. Apr. 17, 2012) ...................................................................................................................6

*Reed v. Pfizer, Inc.*,
  839 F. Supp. 2d 571 (E.D.N.Y. 2012) ...........................................................................6

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) ........................................................................................12

*Selevan v. N.Y. Thruway Auth.*,
  584 F.3d 82 (2d Cir. 2009) ..........................................................................................11

*Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*,
  834 F. Supp. 605 (E.D.N.Y. 1993) ..............................................................................10

*Westchester Cnty. v. Gen. Motors Corp.*,
  555 F. Supp. 290 (S.D.N.Y. 1983) ............................................................................3, 4

*Wojcik v. Empire Forklift, Inc.*,
  783 N.Y.S.2d 698 (App. Div. 2004) ..............................................................................7

*Woods v. Maytag Co.*,
  10-CV-0559 (ADS)(WDW), 2010 U.S. Dist. LEXIS 116595 (E.D.N.Y. Nov. 2, 2010) ........................................................................................................................10

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
  549 F.3d 100, 106 (2d Cir. 2008) ................................................................................11

**Statutes**

N.Y. Gen. Bus. Law § 349 ........................................................................................*passim*

N.Y. Gen. Bus. Law § 350 ........................................................................................*passim*

N.Y. U.C.C. § 2-607(3)(a) ....................................................................................................5

**Other Authorities**

Fed. R. Civ. Proc. 8 .............................................................................................................8

Fed. R. Civ. Proc. 12 ...........................................................................................................2

**I.        INTRODUCTION**

Plaintiff's causes of action brought under the New York consumer protection laws and breach of express and implied warranty should be dismissed under Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim.  Plaintiff's claims fail for numerous reasons.  First, Plaintiff's claims do not satisfy the pleading requirements established by the United States Supreme Court in *Twombly* and *Iqbal*, as Plaintiff fails to plead enough facts to state facially plausible claims for relief or to raise her allegations above the speculative level.  The Complaint is rife with the very "threadbare recitals" of the elements of a cause of action and "mere conclusory statements" that the heightened plausibility pleading standard aims to eliminate.

Specifically, Plaintiff's breach of warranty claims are insufficiently pled, as Plaintiff fails to allege: (1) sufficient factual matter (the what, when, where and why of the alleged warranties) to state a claim for relief that is facially plausible, (2) that the necessary privity of contract existed between Plaintiff and Seventh Generation, and (3) that she provided the requisite pre-litigation notice of her claims to Seventh Generation.

The Complaint (attached hereto as Exhibit A) also suffers from a laundry list of further deficiencies: Plaintiff's vague and conclusory allegations—which lump together all the products at issue and refer to them as one throughout the Complaint, despite their differences—fail to give Seventh Generation fair notice of which claims apply to which products, as required by federal pleading standards.  Furthermore, Plaintiff's allegations under New York General Business Law ("GBL") § 349 merely restate the elements of that cause of action, without providing additional facts upon which the claim is based.  In doing so, Plaintiff yet again fails to nudge her claims across the line from conceivable to plausible—as required by *Twombly* and its progeny. Plaintiff's injunctive relief claims fail outright because, having failed to allege that she intends to purchase the products again or that she is suffering some ongoing injury as a result of the products, she lacks standing to assert these claims.  Finally, Plaintiff's request for punitive damages fails because she has not sufficiently pled the willfully or wantonly malicious or fraudulent conduct that is required for such relief.

Ultimately, Plaintiff's Complaint suffers from a number of pleading deficiencies that render her claims inadequate. Seventh Generation thus respectfully requests that, for the reasons detailed below, Plaintiff's First, Third, Fourth, and Fifth causes of action be dismissed.

## II. STATEMENT OF FACTS

Plaintiff's Complaint challenges labeling and advertising for five different Seventh Generation products by alleging that the word "natural" is deceptive or misleading because the products ostensibly contain synthetic ingredients. Compl. at ¶¶ 1, 7. Plaintiff brings claims under New York consumer protection statutes (GBL §§ 349, 350), common law unjust enrichment, and for breach of warranty (express, implied/merchantability, and implied/particular purpose) on behalf of purchasers nationwide. Compl. at ¶¶ 57-108, 44-53. Plaintiff seeks monetary and punitive damages, attorney's fees, and injunctive relief. Compl. at ¶ 108.

Plaintiff Tziva Rapoport-Hecht is a citizen of Dutchess County, New York. Compl. at ¶ 33. She alleges that she purchased the "Products" throughout 2014 at the Stop and Shop in Dutchess County and at the Walmart in Kingston, New York. *Id*. She allegedly purchased the products because she saw the label and read the package, including the terms "natural," "hypoallergenic," and "non-toxic." *Id*., at ¶ 34. Defendant Seventh Generation is a corporation organized and with its principle place of business in Burlington, Vermont. *Id*., at ¶ 37.

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Lyman v. NYS OASAS*, No. 1:12-CV-530, 2013 U.S. Dist. LEXIS 25828, *7 (N.D.N.Y. Feb. 26, 2013) (citing *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007)). In considering the claim's legal sufficiency, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

2

U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter … to state a claim [for] relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.* at 570.

## IV. ARGUMENT

### A. Plaintiff's Breach of Warranty Claims Should Be Dismissed

#### 1. *The Essential Element of Privity Is Lacking*

Privity is an essential element to each of Plaintiff's breach of warranty claims. *See, e.g., Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. Jan. 31, 2014) ("[P]rivity is an essential element of a cause of action for <u>breach of express warranty</u>, unless the plaintiff claims to have been personally injured."); *Ebin v. Kangadis Food, Inc.*, No. 13 Civ. 2311 (JSR), 2013 U.S. Dist. LEXIS 174174, at *6 (S.D.N.Y. Dec. 19, 2013) (dismissing <u>implied warranty of merchantability</u> and express warranty claims for lack of privity); *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) ("To have a cause of action for breach of an <u>implied warranty of fitness</u> [for a particular purpose] … privity must necessarily exist because the creation of the warranty requires a direct exchange between buyer and seller."); *Westchester Cnty. v. Gen. Motors Corp.*, 555 F. Supp. 290, 294 (S.D.N.Y. 1983) ("[A]bsent privity of contract…a purchaser cannot recover mere economic loss against a manufacturer under a theory of breach of <u>implied warranty</u>.").

*Ebin* was similar to the case at bar, with plaintiffs alleging that an oil manufacturer

3

breached both an express warranty and an implied warranty of merchantability by stating the product was "100% Pure Olive Oil."  The Court found privity an essential element of warranty claims under New York law, noted the U.C.C. personal injury exception, and found that plaintiffs' failure to adequately plead privity or personal injury was fatal to their express and implied warranty claims.  2013 U.S. Dist. LEXIS 174174, at *6.  In *Koenig*, plaintiffs sued for express warranty based on labeling certain milk products "fat free" that contained one gram of fat per serving due to the addition of an omega-3 oil blend.  Relying on *Ebin*, the Court found that plaintiffs' claim failed, as they pled solely economic injury and no privity.  *Koenig*, 995 F. Supp. 2d at 290 ("Plaintiffs merely allege that they purchased Defendants' products in the state of New York, but do not specify where, or from whom.").

Plaintiff cites to *Ault v J.M Smucker Co.,* 13 Civ. 3409 (PAC), 2014 U.S. Dist. LEXIS 67118 (S.D.N.Y. May 15, 2014) in an attempt to dismiss the privity requirement.  Although the *Ault* court found no privity requirement, that decision appears to be an outlier to the traditional standard under New York law from the Second Circuit, Southern District, and other districts, which all require privity for warranty claims.  *See, e.g., Koenig*, 995 F. Supp. at 290; *Ebin*, 2013 U.S. Dist. LEXIS 174174, at *6; *Abraham*, 795 F.2d at 249; *Westchester Cnty.*, 555 F. Supp. at 294; *DiBartolo v. Abbott Labs*, 914 F. Supp. 2d 601, 624-27 (S.D.N.Y. 2012) (finding privity is "essential element" of express/implied warranty causes of action, unless personal injury alleged).

In the instant case, Plaintiff's breach of warranty claims, both express and implied, fail because she is not in privity with Seventh Generation.  Although Plaintiff alleges that she purchased the products in New York, she does not allege that she purchased the products from Seventh Generation or that she suffered personal injury.  Plaintiff alleges that she purchased the Product through retail stores—Stop & Shop and Walmart—rather than directly from Defendant.[1]  *See* Compl. at ¶ 33.  This admission alone should defeat privity with Seventh Generation.  Thus,

---

[1] Although Plaintiff notes that that Defendant "sells the Products directly to consumers on its own website" (Compl. at ¶ 9), she does not allege that she purchased the products from Defendant through its website.

4

the lack of privity between the parties precludes Plaintiff's warranty claims and they should, accordingly, be dismissed.

### 2. *Plaintiff Failed To Give The Required Notice Of Her Claim*

Under New York law governing breach of warranty claims, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." N.Y. U.C.C. § 2-607(3)(a). *See also In re Frito-Lay N. Am., Inc.*, 2013 U.S. Dist. LEXIS 123824, at *86 (E.D.N.Y. Aug. 29, 2013). The purpose of the notice requirement is "to inform the seller that, even though his tender has been accepted by the buyer, his performance is nonetheless considered a breach of contract." *Id.* at *88 (dismissing claims for breach of express warranty for failure to allege notice) (internal citations omitted). "[I]t is not enough … that a seller has knowledge of the facts constituting a nonconforming tender; he must also be informed that the buyer considers him to be in breach of the contract." *Id., citing Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Fleet Corp.*, 7 F.2d 565, 566 (2d Cir.1925) ("The notice of the breach required is not of the facts, which the seller presumably knows quite as well as, if not better than, the buyer, but of buyer's claim that they constitute a breach."); *Martin v. Ford Motor Co.*, 765 F. Supp. 2d 673, 682-83 (E.D. Pa. 2011) ("[E]ven assuming that Defendants were aware that the fentanyl patches were defective, Defendants may not have been aware of Plaintiffs' <u>intent to file a class action lawsuit</u>, and were denied the opportunity to negotiate or settle this claim without judicial involvement.") (emphasis added).

Plaintiff Rapoport-Hecht provided no such notice to Seventh Generation, and as such, she is not entitled to any remedy for an alleged breach of warranty. With respect to her breach of express warranty cause of action, Plaintiff alleges "Defendant was given opportunities to cure its default but refused to do so" (Compl. at ¶ 83), and with respect to her breach of implied warranty of merchantability claim, she alleges that "[w]ithin a reasonable amount of time after [she] discovered that the Products contain synthetic ingredients that are associated with human toxicity, [she] notified the Defendant of such breach." Compl. at ¶ 91. Plaintiff fails to allege facts beyond these conclusory statements, including <u>when</u> and <u>how</u> notice was given. This she

5

cannot do, regardless of the level of discovery undertaken, because no such notice was provided. These "threadbare recitals" of the notice requirement for the warranty claims do not meet the plausibility standard. Plaintiff's warranty claims should be dismissed for lack of notice.

### 3. *Plaintiff's Breach of Warranty Claims Are Not Sufficiently Pled*
#### a) **Breach of Express Warranty**

"To state a claim for breach of express warranty under New York law, a plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach. *See Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014). "The failure to set forth with any detail the terms of the particular warranty upon which the plaintiff allegedly relied is grounds for dismissal under Rule 12(b)(6)." *Cordova v. Smith & Nephew, Inc.*, No 14-CV-351 (JFB)(ARL), 2014 U.S. Dist. LEXIS 104956, *25-26 (E.D.N.Y. July 30, 2014).

The Complaint alleges, in a conclusory fashion, that "Defendant provided the Plaintiff and Class Members an express warranty in the form of written affirmations of fact promising and representing that its Products were made with natural ingredients and were safe and non-toxic." Compl. at ¶ 79. An alleged warranty based in such vague and abstract terms, *i.e.,* that the product is "safe," does not meet the plausibility standard to state a claim for breach of express warranty. *See Prue v. Fiber Composites, LLC*, No. 11-CV-3304 (ERK) (LB), 2012 U.S. Dist. LEXIS 54027, at *10 (E.D.N.Y. Apr. 17, 2012) (dismissing breach of warranty claim where plaintiff alleged at a high order of abstraction that defendants had expressly warranted their products to be free from defects, reasonably safe, and fit for their intended use); *Bertini v. Smith & Nephew, Inc.*, No. 13-CV-0079 (BMC), 2013 U.S. Dist. LEXIS 171021, at *5 (E.D.N.Y. July 15, 2013) (dismissing breach of warranty claim as too conclusory where plaintiff alleged only that defendant had warranted its device to be safe and effective); *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 579 (E.D.N.Y. 2012) (dismissing breach of warranty claim where plaintiffs did not allege details of warranty's terms, such that they alleged nothing which makes plausible that

6

various risks differ from what was warranted).  *See also DiBartolo*, 914 F. Supp. at 626 (dismissing breach of express warranty claim because, "[a]lthough the advertisement as a whole might have emphasized [the product's] benefits and downplayed its risks, a claim for breach of express warranty must rest on <u>specific misleading statements</u>, not entire advertisements or other collections of information that are allegedly misleading when viewed in the aggregate") (emphasis added).  This claim must, thus, be dismissed.

### b) Breach of Implied Warranty of Merchantability

"The implied warranty of merchantability is a guarantee by the seller that its goods are fit for the intended purpose for which they are used and that they will pass in the trade without objection."  *Wojcik v. Empire Forklift, Inc.*, 783 N.Y.S.2d 698, 700 (App. Div. 2004) (internal quotation marks omitted).  The "implied warranty of merchantability merely requires that a product be fit for the ordinary uses for which such goods are intended."  *Llewellyn v. North Am. Trading*, 93 Civ. 8894 (KMW)(HBP), 1997 U.S. Dist. LEXIS 22142, *24-25 (S.D.N.Y. Dec. 29, 1997) (internal citations omitted).  Importantly, this cause of action provides "not for a superior product but only a <u>minimal level of quality</u>."  *Id.* (emphasis added).

Plaintiff has failed to allege sufficient facts in support of a claim that the Seventh Generation products at issue are not fit for the intended purpose for which they are used—namely, for cleaning.  Though Plaintiff alleges that the Seventh Generation products "contain synthetic ingredients" and do not "conform to the promises or affirmations made on the Products' containers or labels or literature" (Compl. at ¶¶ 89 and 90), these allegations have no bearing on whether the products are merchantable as cleaning products.  Plaintiff has not alleged that the products are not of a "minimal level of quality," or that they failed to clean as intended.  In fact, Plaintiff's cause of action for breach of implied warranty is simply her false advertising claim restated.  Ultimately, the cause of action is insufficiently pled and should be dismissed.

### c) Breach of Implied Warranty of Fitness for Particular Purpose

Plaintiff's claim for breach of implied warranty of fitness for a particular purpose is also insufficiently pled.  "The implied warranty of fitness for a particular purpose … does not arise in

7

every consumer sale, but only when a seller knows or has reason to know the particular purpose for which a buyer requires goods, and also knows or should know that the buyer is relying on his special knowledge." *Abraham*, 795 F.2d at 249. *See also Meserole v. Sony Corp. of Am., Inc.*, 2009 U.S. Dist. LEXIS 42772, *27-28 (S.D.N.Y. May 18, 2009) (finding cause of action requires "seller at the time of contracting [have] reason to know any particular purpose for which goods are required"). The "purpose" central to this cause of action is, thus, "the particular purpose for which the buyer requires the goods," the purpose they are ultimately meant to serve. *Abraham,* 795 F.2d at 249.

Plaintiff's allegations as to this cause of action confuse the purpose of Defendant's products—the relevant purpose here—with her reasons for purchasing the products. Plaintiff alleges that she and the purported class members "bought the Seventh Generation Products with the specific purpose of buying cleaning products that were safe, non-toxic, and contained exclusively natural ingredients." Compl. at ¶ 95. However, that she sought to purchase a product with these particular characteristics has no bearing on how Seventh Generation's products are meant to be used. As Plaintiff concedes, the products at issue are <u>cleaning products</u>. *See id.* The purpose of cleaning products, at the risk of stating the obvious, is to clean. Plaintiff fails to allege that she attempted to use Defendant's product to clean, much less that the products failed to clean or caused any ill effect. In sum, to the extent the purpose of Defendant's products is cleaning—whether for dishes or clothes—Plaintiff has not alleged that it is not fit for that purpose. Her claim must, therefore, be dismissed.

**B.    The Complaint Fails to Give Sufficient Notice of the Products at Issue**

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief <u>in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests</u>." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (emphasis added). Plaintiff's allegations here are so vague and conclusory that they fail to give Seventh Generation fair notice of the claims and the grounds upon which they rest. Specifically, Plaintiff fails to provide factual allegations as to <u>each</u>

product, opting instead to lump the products together and refer to them collectively as "the Products." Other than the vague list of products provided in two paragraphs of the Complaint (¶ 1 and ¶ 45), Plaintiff's allegations attempt to universally apply to all five products at issue—even though these products have distinct labels and packaging, and could have undergone significant label changes during the alleged class period.

Additionally, Plaintiff's allegation as to where, when, and how she purchased each product at issue is as follows: "Plaintiff purchased Seventh Generation Products throughout 2014 at the Stop and Shop in Dutchess County and at the Walmart in Kingston, New York." Compl. at ¶ 33. Defendant is left to guess which products, specifically, Plaintiff purchased at each store and when they were each purchased. Since at least two of the products were not commercially available during the time frame that the Plaintiff alleged she purchased them, Defendant can only guess as to Plaintiff's actual purchases. In fact, none of the images attached to the complaint represent products the Plaintiff could have purchased - these images lack UPC numbers, which are on all Seventh Generation products that are sold commercially. *See* Compl., Exhs. C & D. Furthermore, the use of a random product image does not take into account the many label designs these products have had – Plaintiff may have purchased a product similar to one of the products pictured, or may not have. Furthermore, Exhibit D of the Complaint is a series of back labels that fail to identify what product they correspond to. Ultimately, based on the vague allegations in the Complaint and the unmarked, unidentifiable exhibits, Defendant cannot determine which products, if any, are actually at issue in this lawsuit. Defendant has, thus, not been given fair notice of Plaintiff's claims—as applied to each product—and the grounds upon which they rest. Because Defendant's products are at the heart of this action, and knowledge of what products are at issue is thereby essential to Seventh Generation's ability to defend itself, the Complaint should be dismissed for this reason alone.

    **C.**    **Plaintiff's Conclusory Allegations Regarding General Business Law § 349 Do Not Meet the Plausibility Standard**

The New York Consumer Protection Act, codified at GBL §349, declares that

"[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York are unlawful." N.Y. Gen. Bus. § 349(a). To make out a prima facie case under this Act, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result. *See Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000) (per curiam) (internal citations omitted). In other words, to maintain a claim under GBL § 349, Plaintiff must ultimately allege a deceptive scheme that is, at a minimum, plausible. *Woods v. Maytag Co.*, 10-CV-0559 (ADS)(WDW), 2010 U.S. Dist. LEXIS 116595, *42 (E.D.N.Y. Nov. 2, 2010) (dismissing Plaintiff's § 349 claim because he only "vaguely allege[d] that Defendants 'knew' of [the] alleged defect, [but] failed to provide enough factual support to plausibly support the contention that a deceptive act or practice [had] taken place"). While a Plaintiff failing to adequately plead a fraud claim may nonetheless successfully plead a claim under GBL § 349, "[c]onclusory allegations have been held to be insufficient to state a claim under § 349." *Moses v. Citicorp Mortg., Inc.*, 982 F. Supp. 897, 903 (E.D.N.Y. 1997). *See also Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 610 (E.D.N.Y. 1993) (granting motion to dismiss where Plaintiff's claim under the Consumer Protection Act was pled upon information and belief, lacked specificity, and alleged mere conclusions).

  Plaintiff's claims under GBL § 349 cannot stand because she fails to adequately plead a <u>materially-misleading deceptive act or practice</u>, an essential element to that claim. Instead, she repeats the false advertising allegations of § 350. GBL § 349 differs from GBL § 350 in that §349 applies to deceptive or misleading acts or practices while § 350 applies to false advertising. *See* GBL § 350 (prohibiting "false advertising in the conduct of any business, trade or commerce or in the furnishing of any service"). Nowhere in the Complaint does Plaintiff allege a deceptive act or practice that would state a claim under GBL § 349, *i.e.,* that Seventh Generation knew that certain ingredients in its products were harmful to consumers, but failed to disclose this material information to the public. *See Woods*, 2010 U.S. Dist. LEXIS 116595, *43 ("As with fraud claims, when a defendant exclusively possesses information that a reasonable consumer would

10

want to know and could not discover without difficulty, failure to disclose can constitute a deceptive or misleading practice."). In fact, any mention of a "deceptive practice" in the Complaint sounds in false advertising, which is relevant to Plaintiff's GBL § 350 claim rather than her GBL § 349 claim. For example, Plaintiff alleges that "Seventh Generation misleads and deceives its consumers by labeling its Products and falsely advertising to the public that the Products are natural, when, in fact, they contain synthetic ingredients." Compl. at ¶ 28. Plaintiff is basing her § 349 claim on the same conduct that is at the core of her false advertising claim. These allegations do not establish a <u>deceptive scheme</u> on the part of Defendant, much less one that is plausible. Plaintiff's GBL § 349, therefore, fails and should be dismissed.

### D. Plaintiff Has No Standing to Request Injunctive Relief

Under Article III, Section 2 of the Constitution, the jurisdiction of federal courts is limited "to the resolution of 'cases' and 'controversies.'" *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). "[T]o ensure that this 'bedrock' case-or-controversy requirement is met, courts require that plaintiffs establish their 'standing' as 'the proper part[ies] to bring' suit." *Id.* at 89 (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)) (alteration in *Selevan*). The "irreducible constitutional minimum" of standing requires a plaintiff to show that: (1) she has suffered a concrete and particularized injury-in-fact which is actual or imminent, not "conjectural or hypothetical"; (2) the injury is fairly traceable to the defendant's allegedly unlawful conduct; and (3) the injury will likely be redressed by the requested relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs.*, 528 U.S. 167, 185 (2000). In order to demonstrate standing for injunctive relief, a plaintiff must demonstrate not just "[p]ast exposure to illegal conduct" but also a "real and immediate threat of repeated injury" going forward. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). *See also Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury

to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."); *Robidoux v. Celani*, 987 F.2d 931, 938 (2d Cir. 1993) (holding that plaintiffs who no longer suffered injuries as a result of defendant's conduct no longer had standing to pursue injunctive relief).

Plaintiff has no standing to request injunctive relief because she has not alleged that she would purchase any of the Seventh Generation products at issue again, nor has she alleged that she is suffering any ongoing injury as a result of her past purchases of Seventh Generation Products. The Complaint defines the Putative Class as "all consumers in the United States who *purchased* any of the below Seventh Generation products at any time." Compl. ¶ 45 (emphasis added). Therefore, the Putative Class clearly does not include individuals who will purchase the product in the future. Further, the alleged injury in the Complaint is that members of the Putative Class were deceived by Seventh Generation's labeling and advertisements when they purchased the Products, not that they continue to be injured by Seventh Generation's conduct. *See e.g.*, Compl. ¶ 44 ("Seventh Generation customers *were* uniformly impacted by and exposed to this misconduct"); Compl. ¶ 55.c. ("Plaintiff is a typical representative of the Class because, like all members of the injunctive class, she purchased Seventh Generation Products which were sold unfairly and deceptively to consumers within the United States."); Compl. ¶ 63 ("Plaintiff and the Class members have been injured inasmuch as they paid a premium for [the Products]"); Compl. ¶ 64 ("Defendant's advertising and Product labeling induced the Plaintiff and Class Members to buy Defendant's Products") (emphases added). The Complaint does not describe how Plaintiff or the other Putative Class members who purchased the Products in the past face "a real and immediate threat of repeated injury" that would necessitate or support a claim for injunctive relief. *Lyons*, 461 U.S. at 102; *Deshawn E.*, 156 F.3d at 344; *Robidoux*, 987 F.2d at 938. Thus, because Plaintiff does not face any type of continuing risk of immediate injury, she has no standing to request injunctive relief.

Further, to the extent that Plaintiff seeks injunctive relief on behalf of the Putative Class, she lacks standing to pursue such relief. "The Supreme Court has held that if none of the named

plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class." *Cent. States Se. & Sw. Areas Health & Welfare Fun v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 199 (2d Cir. 2005) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). As discussed above, Plaintiff has no standing because she has not alleged that she would purchase any of the Seventh Generation products at issue again, nor has she alleged that she is suffering any ongoing injury as a result of her past purchases of Seventh Generation Products. Thus, she has no standing to pursue injunctive relief on behalf of the Putative Class and her request should be dismissed.

    **E.** **Plaintiff's Claim Does Not Meet The Heightened Pleading Standard for Punitive Damages**

"Punitive damages are available in tort actions where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime." *Miteva v. Third Point Mgmt. Co.*, 323 F. Supp. 2d 573, 587 (S.D.N.Y. 2004) (internal quotations and citation omitted). The mere commission of a tort is not enough to support a claim for punitive damages; rather, "[t]here must be circumstances of aggravation and outrage such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton." *Id.* (internal quotations and citation omitted). In order to survive a motion to dismiss, "a claim for punitive damages requires pleading a high degree of moral turpitude or wanton dishonesty." *Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13-CV- 4348, 2014 U.S. Dist. LEXIS 96097, at *33 (S.D.N.Y. Jul. 15, 2014 )(internal quotations and citation omitted)).

As an initial matter, Plaintiff's request for punitive damages does not detail for which of her claims she seeks such damages. Prayer for Relief, Part (d) (Compl. at 24); *see also* Compl. ¶¶ 59, 66, 77, 93, 101, 108 (listing remedies sought for the causes of action, none of which include punitive damages). Further, Plaintiff's Complaint does not include any allegations that would adequately support a claim for punitive damages. Her request for punitive damages

13

therefore does not meet the basic pleading standards to survive a motion to dismiss. "As the [Supreme] Court held in *Twombly*, the pleading standard Rule 8 announces … demands more than an unadorned, the-defendant-unlawfully–harmed-me accusation." *Iqbal*, 556 U.S. at 1949 (citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 1950. More significantly, however, Plaintiff has failed to plead *any* facts that would indicate that Seventh Generation acted with "a high degree of moral turpitude or wanton dishonesty," *Brown Rudnick*, 2014 U.S. Dist. LEXIS 96097, at *33, or with "the character of outrage frequently associated with crime." *Miteva*, 323 F. Supp. 2d at 587.

Because Plaintiff's allegations do not contain any facts or allegations more serious than accusations of basic tortious conduct, her request for punitive damages fails. The law in the Southern District of New York is clear: the mere commission of a tort is not enough to support a claim for punitive damages. Instead, plaintiffs must plead "circumstances of aggravation and outrage such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton." *Id*. Plaintiff's allegations, however, parrot the requirements of the various New York laws under which she makes her tort claims, including GBL §§ 349 and 350, the principles regarding breach of various warranties, and common law unjust enrichment. The Complaint contains no facts that would support an inference that Seventh Generation acted with an "evil motive … or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton." *Id*.

For example, Plaintiff provides no facts to support her conclusory claim that Seventh Generation "violated fundamental principles of justice, equity, and good conscience" aside from her basic allegations that Seventh Generation was unjustly enriched by its purported violations of GBL §§ 349 and 350. Compl. ¶¶ 104, 105. *See also* Compl. ¶ 40 ("Defendant's statements are false and its practices are deceptive and misleading"); Compl. ¶ 61 ("Defendant misleadingly, inaccurately, and deceptively presents its Products to consumers."); Compl. ¶ 75 ("Defendant made the material misrepresentations described in this Complaint in Defendant's advertising and

14

on its Products' labels."). Such basic allegations of tortious conduct are not enough to support a request for punitive damages, and the facts alleged in the Complaint do not support a claim that Seventh Generation acted with "a high degree of moral turpitude or wanton dishonesty," *Brown Rudnick*, 2014 U.S. Dist. LEXIS 96097, at *33, or committed conduct with "the character of outrage frequently associated with crime." *Miteva*, 323 F. Supp. 2d at 587. Thus, because Plaintiff has failed to adequately plead facts that would support the remedy of punitive damages, her request for this measure of damages should be dismissed.

V.    **CONCLUSION**

The burden is on <u>Plaintiff</u> to set forth a pleading that is sufficiently alleged so as to nudge her claims from conceivable to plausible. Mere conclusory statements or threadbare recitals of causes of actions will not suffice. As demonstrated, Plaintiff's Complaint does not cross the line between possibility and plausibility of entitlement to relief—as required by federal pleading standards. For these reasons, Seventh Generation respectfully requests this court dismiss Plaintiff's First, Third, Fourth, and Fifth Causes of Action for failure to state a claim upon which relief may be granted.

DATED: May 15, 2015                                  MINTZ LEVIN COHN FERRIS
                                                                              GLOVSKY AND POPEO PC

                                                                           By:    /s/ Michelle Gillette
                                                                                  Daniel J. Herling (admitted *pro hac vice*)
                                                                                  djherling@mintz.com
                                                                                  Michelle Gillette (admitted *pro hac vice*)
                                                                                  mgilette@mintz.com
                                                                                  Joshua Thomas Foust (JF7049)
                                                                                  jtfoust@mintz.com
                                                                                  44 Montgomery St., 36th Floor
                                                                                  San Francisco, California 94104
                                                                                  Telephone: (415) 432-6000
                                                                                  Facsimile: (415) 432-6001

                                                                                  Francis J. Earley
                                                                                  fjearley@mintz.com
                                                                                  666 Third Avenue
                                                                                  New York, New York 10017
                                                                                  Telephone: (212) 935-3000
                                                                                  Facsimile: (212) 983-3115

                                                                                  Counsel for Defendant
                                                                                  SEVENTH GENERATION, INC.