Exhibit B

# APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS

## TABLE OF CONTENTS

**Page**

ALABAMA ...................................................................................................................... 1

ALASKA ........................................................................................................................ 1

ARIZONA ................................................................................................................... 1, 2

ARKANSAS ..................................................................................................................... 2

CALIFORNIA ............................................................................................................... 2, 3

COLORADO .................................................................................................................... 4

CONNECTICUT .............................................................................................................. 4

DELAWARE .................................................................................................................... 5

DISTRICT OF COLUMBIA ............................................................................................. 5

FLORIDA ........................................................................................................................ 5

GEORGIA ....................................................................................................................... 6

HAWAII .......................................................................................................................... 6

IDAHO ............................................................................................................................ 6

ILLINOIS ........................................................................................................................ 7

INDIANA ........................................................................................................................ 8

IOWA ............................................................................................................................. 8

KANSAS ......................................................................................................................... 8

KENTUCKY .................................................................................................................... 8

LOUISIANA .................................................................................................................... 9

MAINE ........................................................................................................................... 9

MARYLAND ................................................................................................................... 9

MASSACHUSETTS ....................................................................................................... 10

MICHIGAN ................................................................................................................... 10

MINNESOTA ............................................................................................................... 11

MISSISSIPPI ............................................................................................................... 11

MISSOURI ................................................................................................................... 11

MONTANA ................................................................................................................... 12

NEBRASKA ................................................................................................................. 12

NEVADA ...................................................................................................................... 12

NEW HAMPSHIRE ..................................................................................................... 13

NEW JERSEY ......................................................................................................... 13, 14

NEW MEXICO ....................................................................................................... 14, 15

NEW YORK ................................................................................................................. 15

NORTH CAROLINA ................................................................................................... 16

NORTH DAKOTA ....................................................................................................... 16

OHIO ............................................................................................................................ 17

OKLAHOMA ............................................................................................................... 17

OREGON ...................................................................................................................... 18

PENNSYLVANIA ........................................................................................................ 18

RHODE ISLAND ......................................................................................................... 19

SOUTH CAROLINA .................................................................................................... 19

SOUTH DAKOTA ....................................................................................................... 19

TENNESSEE .......................................................................................................... 19, 20

TEXAS .................................................................................................................... 20, 21

UTAH ........................................................................................................................... 21

VERMONT ............................................................................................................. 21, 22

VIRGINIA .................................................................................................................... 22

WASHINGTON ........................................................................................................... 23

WEST VIRGINIA ................................................................................................................ 23

WISCONSIN ...................................................................................................................... 24

WYOMING ......................................................................................................................... 24

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| ALABAMA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Misconduct must cause "monetary damage."**  Ala. Code § 8-19-10(a); *Billions v. White & Stafford Furniture Co.*, 528 So. 2d 878, 880 (Ala. Civ. App. 1988).<br><br>**Reliance not controlling inquiry**.  *F.T.C. v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003); *McGregor v. Chierico*, 206 F.3d 1378, 1388 (11th Cir. 2000). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Defense to action if defendant "did not knowingly" commit violation of the act.**  Ala. Code § 8-19-13; *Strickland v. Katko Mgf., Inc.*, 512 Co. 2d 714, 718 (Ala. 1987); *Sam v. Beaird*, 685 So. 2d 742, 744 (Ala. Ct. App. 1996). |

| ALASKA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Right of action requires "ascertainable loss" incurred "as a result of" violation**.  Alaska Stat. § 45.50.531(a).<br><br>**"Actual injury as a result of the deception is not required. All that is required is a showing that the acts and practices were capable of being interpreted that way."**  *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 535 (Alaska 1980) (internal citations omitted); *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 132 (Alaska 2000). |
| **SCIENTER & LEVEL OF CULPABILITY** | **"Intent to deceive need not be proved."**  *State v. O'Neill Investigations Inc.*, 609 P.2d 520, 535 (Alaska 1980); *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 132 (Alaska 2000).<br><br>**Intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods needed**.  Alaska Stat. § 45.50.471(b)(12). |

| ARIZONA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance required, but it need not be reasonable; proximate causation of injury also required**.  *Winkler v. DTE, Inc.*, 205 F.R.D. 235, 242 (D. Ariz. 2001); *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992); *Kuehn v. Stanley*, 91 P.3d 346, 351 (Ariz. Ct. App. 2004); *Dunpal v. Jimmy GMC of Tucson, Inc.*, 666 P.2d 83, 87 (Ariz. Ct. App. 1983); *Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008, 121 Ariz. 517, 520 (Ariz. Ct. App. 1979); *Peery v. Hansen*, 585 P.2d 574, 578 (Ariz. Ct. App. 1978). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS

| ARIZONA | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **Wrongful concealment must be with "intent that others rely."**  Ariz. Rev. Stat. Ann. § 44-1522(A)<br><br>**Specific intent not required; intent to do the act is sufficient**.  *Flagstaff Med. Ctr., Inc. v. Sullivan*, 773 F. Supp. 1325, 1361-62 (D. Ariz. 1991), *aff'd in part, rev'd in part by* 962 F.2d 879 (9th Cir. 1992); *Alaface v. Nat'l Inv. Co.*, 892 P.2d 1375, 1380 (Ariz. Ct. App. 1994); *Clearley v. Wieser*, 727 P.2d 346, 348 (Ariz. Ct. App. 1986); *State v. Goodyear Tire & Rubber Co.*, 626 P.2d 1115, 1118 (Ariz. Ct. App. 1981). |

| ARKANSAS | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Right of action requires "actual damage or injury" incurred "as a result of" a violation of the act**.  Ark. Code Ann. § 4-88-113(f).<br><br>**Proof of individual reliance required**.  *Jarrett v. Panasonic Corp. of North America*, No. 4:12-cv-00739-SWW (E.D. Ark. 2013). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Prohibits "knowingly" making false representations of "benefits" of product**.  Ark. Code Ann. § 4-88-107(a)(1).<br><br>**Prohibits "act, use, or employment by any person of any deception, fraud, or false pretense" or concealment with "intent that others reply." Ark. Code Ann**. § 4-88-108(2). |

| CALIFORNIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Plaintiffs must establish causation and actual reliance in accordance with principles of ordinary fraud actions**.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009) (holding that private plaintiffs must demonstrate "actual reliance ... in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions").<br><br>**Only permits a classwide inference of causation where single, material misrepresentation was directly made to each class member.  For a fraud prong claim under the UCL based on an alleged misrepresentation in a long-term advertising campaign, the misrepresentation must have been material.**  *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (2009); *Vasquez v. Superior Court*, 4 Cal. 3d 800, 814 (1971); *Gonzalez v. Proctor & Gamble Co.*, 247 F.R.D. 616, 624-26 (S.D. Cal. 2007); *Caro v. Proctor & Gamble Co.*, 18 Cal. App. 4th 644, 668-69 (1993). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Plaintiff must establish actual reliance to proceed under the UCL.  No scienter requirement for UCL action.**  *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009); *State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1093, 1105 (1996), *abrogated in part by Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999). |

**APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS**

| CALIFORNIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Plaintiffs must establish causation and actual reliance in accordance with principles of ordinary fraud actions.** *In re Toyota Motor Corp.*, 2011 U.S. Dist. LEXIS 52529 (C.D. Cal. May 13, 2011); *Campion v. Old Republic Home Protection Co.*, 272 F.R.D. 517, 532 (S.D. Cal. 2011); *Pfizer, Inc. v. Superior Ct.*, 182 Cal.App.4th 622, 631-33 (2010); *Sevidal v. Target Corp.*, 189 Cal.App.4th 905, 926 (2010).<br><br>**Only permits a classwide inference of causation where single, material misrepresentation was directly made to each class member. For a fraud prong claim under the UCL based on an alleged misrepresentation in a longterm advertising campaign, the misrepresentation must have been material**. *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (2009); *Vasquez v. Superior Court, 4 Cal*. 3d 800, 814 (1971); *Gonazlez v. Proctor and Gamble Co.*, 247 F.R.D. 616, 626 (S.D. Cal. 2007); *Sevidal v. Target Corp.*, 189 Cal.App.4th 905, 926 (2010). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Plaintiff must establish actual reliance to proceed under the FAL. No scienter requirement for FAL action**. *Pfizer, Inc. v. Superior Ct.*, 182 Cal.App.4th 622, 631-33 (2010); *People v. Wahl*, 39 Cal. App. 2d Supp. 771 (Cal. App. Dep't Super. Ct. 1940). |

| CALIFORNIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Plaintiffs must establish causation and actual reliance in accordance with principles of ordinary fraud actions**. Cal. Civ Code § 1780(a); *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009); *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 980 (2009); *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009).<br><br>**Only permits a classwide inference of causation where single, material misrepresentation was directly made to each class member. The misrepresentation must have been material**. *Vasquez v. Superior Court*, 4 Cal. 3d 800, 814 (1971); *Gonzalez v. Proctor & Gamble Co.*, 247 F.R.D. 616, 624-26 (S.D. Cal. 2007); *Caro v. Proctor & Gamble Co.*, 18 Cal. App. 4th 644, 668-69 (1993). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Scienter required for certain CLRA claims**. Cal. Civ Code § 1770(a)(9). |

3

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| COLORADO | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | "**False representation must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers.**" *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147-48 (Colo. 2003).<br><br>R**equires "that the challenged practice caused the plaintiff's injury.**" Colo. Rev. Stat. Ann. § 6-1-113(1)(a); *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).<br><br>**No presumption of reliance for absent class members.** *Garcia v. Medved Chevrolet, Inc.*, 240 P.3d 371, 380 (Colo. Ct. App. 2009) *aff'd*, 263 P.3d 92 (Colo. 2011) (rejecting "the notion that there is any Colorado precedent for a theory of presumed reliance" under the Colorado Consumer Protection Act). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Certain violations, including falsely representing "benefits" of a product, must be made "[k]nowingly."** Colo. Rev. Stat. Ann. § 6-1-105(1)(e), (g), (u); *Bidwell v. German Motors, Inc.*, 586 P.2d 1003, 1006,41 Colo. App. 284, 286-287 (Colo. Ct. App. 1978) (no violation where no showing of knowing, intentional, or false representation). |

| CONNECTICUT | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance not required**. *Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F. Supp. 2d 167, 176 (D. Conn. 2000); *Solomon v. WMN Assocs., Inc.*, 1994 WL 597390, at *6 (Conn. Super. Ct. Oct. 20, 1994); *Prishwalko v. Bob Thomas Ford, Inc.*, 636 A.2d 1383, 1388 (Conn. Ct. App. 1994). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Scienter not required**. *Cheshire Mortg. Serv., Inc. v. Montes*, 612 A.2d 1130, 1144 (Conn. 1992); *Calandro v. Allstate Inc. Co.*, 778 A.2d 212, 221 (Conn. App. Ct. 2001); *Muniz v. Kraus*, 757 A.2d 1207, 1214 (Conn. App. Ct. 2000).<br><br>**Unconscionable practices not expressly prohibited; but unconscionability is used as a basis for determining whether a practice was deceptive or unfair**. *Murphy v. McNamara*, 416 A.2d 170, 177, 36 Conn. Supp. 183,193-4, 27 U.C.C. Rep. Serv. (Callaghan) 911 (Conn. Super. Ct. 1979) (unconscionable agreement found to violate the statute, where the price charged was abnormally high and the consumer lacked sophistication). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| DELAWARE | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance and required to establish violation**. *Stephenson v. Capano Dev., Inc.*, 462 A. 2d 1069, 1074 (Del. 1983); *S& R Assocs. V. Shell Oil Co.,* 725 A.2d 431, 440 (Del. Super. Ct. 1998); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 657 (Del. Super. Ct. 1985).  **However, a showing of reliance is required to demonstrate proximate cause in order to establish damages**. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074, 1077 (Del. Super. Ct. 1983) (while violation of Act exists "regardless of actual reliance by the plaintiff," damages were available because they were "a direct and proximate result of [defendant's] misrepresentations").<br><br>**Delaware recognizes the "but for" definition of proximate causation**. *Duphily v. Del. Elec. Co-op., Inc.*, 662 A.2d 821, 828-29 (Del. Super. Ct. 1995). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Neither intent to make a deceptive or untrue statement nor intent to induce reliance required, but concealment claims require "intent that others rely" on concealment**.  Del. Code Ann. tit. 6, § 2513(a); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *Brandywine Volkswagen, Ltd. V. State*, 312 A.2d 632, 634 (Del. 1973); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 657 (Del. Super. Ct. 1985). |

| DISTRICT OF COLUMBIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **A merchant may violate the act "whether or not any consumer is in fact misled, deceived or damaged thereby."**  D.C. Code Ann. § 28-3904. |
| **SCIENTER & LEVEL OF CULPABILITY** | **Undecided**. |

| FLORIDA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Split of decisions on whether reliance and causation are required.**  *Compare Davis v. Powertel, Inc.,* 776 So 2d 971, 973-74 (Fla. Ct. App. 2000); *Latman v Costa Cruise Lines N.V.*, 758 So. 2d 699, 703 (Fla. Dist. Ct. App. 2000), with *Rosa v Amoco Oil Co.*, 262 F Supp. 2d 1364, 1368-69 (S.D. Fla. 2003); *Mac-Gray Serv, Inc v. DeGeorge*, 913 So. 2d 630, 634 (Fla. 4th DCA 2005); *Black Diamond Prop., Inc v. Haines*, 940 So. 2d 1176, 1179 & n.1 (Fla. 5th DCA 2006); *Prohtas v. AstraZeneca Pharm., LP*, 958 So 2d 1054 (Fla. 3d DCA 2007). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Not required; must show that only conduct is "likely to mislead" reasonable consumers**.  *Davis v. Powertel, Inc.,* 776 So. 2d 971, 973-74 (Fla. Ct. App. 2000); W.S. *Badcock Corp. v. Myers*, 696 So 2d 776, 779 (Fla. Dist. Ct. App. 1996). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS

| GEORGIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance not required under UDTPA**. Ga. Code Ann. § 10-1-372(b). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent to deceive not required under UDTPA**.  Ga. Code Ann. § 10-1-373. |

| HAWAII | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **In suit for damages, violations must "cause" actual damage**.  Haw. Rev. Stat. § 480-13; *Sambor v. Omnia Csredit Serv.; Inc.,* 183 F. Supp. 2d 1234, 1244 (D. Haw. 2002); *Wiginton v. Pacific Credit Corp.*, 634 P.2d 111, 119, 2 Haw. App. 435,445 (Haw. Ct. App. 1981). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent not required for damages**.  Haw. Rev. Stat. § 480-2; *Davis v. Wholesale Motors*, 949 P.2d 1026 (Haw. Ct. App. 1997).  **No intent required for injunctive relief**.  Haw. Rev. Stat. § 481A-4. |

| IDAHO | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Ascertainable loss incurred "as a result" of violation**.  Idaho Code § 48-608; *Jackson v. Wood*, 859 P.2d 378, 380 (Idaho Ct. App. 1993).  **"Actual deception" not required; "tendency to deceive" is enough**. *State ex rel. Kidwell v. Master Distribs., Inc.*, 615 P.2d 116, 122-23 (Idaho 1980). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Knowledge of falsity required for affirmative representations.** Idaho Code § 48-603; *State ex rel. Kidwell v. Master Distribs.,Inc.*, 615 P.2d 116, 122-23 (Idaho 1980).  **Expressly prohibits "unconscionable" practices**.  Idaho Code Ann. § 48-603C |

**APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS**

| ILLINOIS | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Proximate causation required**. *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 155, 776 N.E.2d 151, 165 (2002); *Seigel v. Levy Org. Dev. Co.*, 607 N.E.2d 194, 198 (Ill. 1992).<br><br>**The deception must occur in the course of conduct involving trade and commerce and proximately cause the damage**. *Xydakis v. Target*, 333 F. Supp. 2d 686 (N.D. Ill. 2004); *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 581, 809 N.W.2d 225, 231 (1st Dist. 2004).<br><br>**No presumption of reliance for absent class members**. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill.2d 45, 60, 879 N.E.2d 910 (2007); *Thorogood v. Sears, Roebuck & Co.*, 547 F 3d. 742, 748 (7th Cir. 2008). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent to deceive is not required, but intent that consumer rely on the information is required**. *Siegel v. Levy org. Dev. Co.*, 607 N.E.2d 194, 198, 153 Ill. 2d 534, 542, 180 Ill. Dec. 300 (Ill. 1992); *Smith v. Prime Cable of Chi.*, 658 N.E.2d 1325, 1335 (Ill. Ct. App. 1995); *Hoke v. Beck*, 587 N.E.2d 4, 8 (Ill. Ct. App. 1992); *Griffin v. Universal Cas. Co.*, 274 Ill. App. 3d 1056, 1065, 654 N.E.2d 225, 231 (1st Dist. 2004).<br><br>**Law imposes a duty to disclose information only when the seller knows or should have knowledge of the information**. *Greenberg v. United Airlines*, 563 N.E.2d 1031, 1036, 206 Ill. App. 3d 40, 46, 150 Ill. Dec. 904 (Ill. Ct. App. 1990) (no duty to disclose with respect to unforeseen developments).<br><br>**In an ICFA action grounded on an alleged concealment, "plaintiffs must establish that the fact concealed was known to the seller at the time of concealment."** *Miller v. William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 14 (Ill. App. Ct. 2001).<br><br>**Unconscionable practices not expressly prohibited; but unconscionability is used as a basis for determining whether a practice was deceptive or unfair**. *Lane v. Fabert*, 533 N.E.2d 546, 551, 178 Ill. App. 3d 698, 705, 127 Ill. Dec. 674 (Ill. Ct. App. 1989) (unconscionably high fee for little or no service constituted a violation).<br><br>**In case of concealment, plaintiff must prove that defendant intended plaintiff to rely on the concealment**. *Jensen v Bayer*, 371 Ill App 3d 682, 689 (1st Dist. 2007). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| INDIANA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance and proximate causation required**.  Ind. Code Ann. § 24-5-0.5-4(a); *Captain & Co. v. Steinberg*, 505 N.E.2d 88, 98-99 (Ind. Ct. App. 1987). |
| **SCIENTER & LEVEL OF CULPABILITY** | "Incurable" deceptive practices require "knowing violation" and "intent to mislead"; most "uncured" deceptive practices require defendant had "[known] or should reasonably have known." *McKinney v. State*, 693 N.E.2d 65, 68-69 (Ind. 1998). |

| IOWA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Not required**.  *State v HydroMag Ltd*. (Iowa 1989) 436 N W 2d 617, 621. |
| **SCIENTER & LEVEL OF CULPABILITY** | **Defendant must act 'with the intent that others rely' upon his omissions**. *State ex rel. Miller v Pace* (Iowa 2004) 677 N W.2d 761, 771. |

| KANSAS | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | "Causal connection" required.  Kan. Stat. Ann. §§ 50-626, 50-634(b),(d); *Schneider v. Liberty Asset Mgmt.*, 251 P.3d 666, 671-72 (Kan. Ct. App. 2011); *Finstad v. Washburn Univ. of Topeka*, 845 P.2d 685, 690-92 (Kan. 1993).<br><br>**If damages are sought in class action, the representative plaintiff must show that each class member relied**.  *Benedict v Altria Group Inc.*, 241 F.R.D. 668, 679-80 (D. Kan. 2007). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Party must not willfully violate Act, but must merely engage in the willful use of a misrepresentation or an omission.**  Kan. Stat. Ann. § 50-626(a), (b)(2)-(4); Kan. Stat. Ann. § 50-627; *Moore v. Bird Eng'g Co.*, 41 P.3d 755, 762-64 (Kan. 2002); *York v. InTrust Bank, N.A.*, 962 P.2d 405, 420-21 (Kan. 1998); *Porras v. Bell*, 857 P.2d 676,678, 18 Kan. App. 2d 569, 570 (Kan. Ct. App. 1993); *Heller v. Martin*, 782 P.2d 1241,1245,14 Kan. App. 2d 48, 53-4 (Kan. Ct. App. 1989); *Haag v. Dry Basement, Inc*., 732 P.2d 392 (Kan. Ct. App. 1987). |

| KENTUCKY | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Proximate causation or causal relationship between act or practice and injury**.  Ky. Rev. Stat. Ann. § 367.220(1); *Woods v. Walgreen Co.*, No. 3:01 CV-646-S, 2003 WL 1239364, at *3 (W.D. Ky. Mar. 17, 2003); Ky. *Laborers Dist. Council Health & Welfare Trust Fund v. Hill & Knowlton, Inc.*, 24 F. Supp. 2d 755, 774 (W.D. Ky. 1998). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Must show defendant's actions are intentional or grossly negligent**. *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991); *Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000), review denied (Oct. 17, 2001). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| LOUISIANA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Loss must have occurred "as a result of the use or employment by another person of an unfair or deceptive method, act or practice."** La. Rev. Stat. Ann. § 51:1409(A). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Defendant must have acted "knowingly" for treble damages**. La. Rev. Stat. Ann. § 51:1409(A). |

| MAINE | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **An injury under the Act "must be an injury that consumers themselves could not reasonably have avoided.**" *Tungate v. MacLean-Stevens Studios, Inc.*, 714 A.2d 792, 797 (Me. 1998); *State v. Weinschenk*, 868 A.2d 200, 206 (Me. 2005). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent to deceive not required.** *Auto Europe, LLC v. Conn. Indem. Co.*, 321 F.3d 60, 66-68 (1st Cir. 2003); *State v. Weinschenk*, 868 A.2d 200 (Me. 2005); *Courtney v. Bassano*, 733 A.2d 973, 976 (Me. 1999); *Binette v. Dyer Library Ass'n*, 688 A.2d 898, 906 (Me. 1996); *Maine v. Bob Chambers Ford, Inc.*, 522 A.2d 362, 365, 3 U.C.C. Rep. Serv. 2d (Callaghan) 625 (Me. 1987). |

| MARYLAND | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Private right of action for damages requires injury or loss "as the result" of proscribed practice**. Md. Code Ann., Com. Law § 13-408(a).<br><br>**Actual deception not necessary**. Md. Code Ann., Com. Law § 13-302. |
| **SCIENTER & LEVEL OF CULPABILITY** | **Scienter not required**. Md. Code Ann., Com. Law § 13-301(1); *Consumer Prot. Div. v. Morgan*, 874 A.2d 919 (Md. 2005); *Golt v. Phillips*, 517 A.2d 328, 332-33 (Md. 1986).<br><br>**Law imposes a duty to disclose information regardless of whether the seller knows or should have knowledge of the information**. Md. Com. Law Code Ann. § 13-301(3) ("Failure to state a material fact if the failure deceives or tends to deceive"); *Golt v. Phillips*, 51 A.2d 328,332-33,308 Md. 1, 10-11 (Md. 1986) (no knowledge or intent required for non-disclosure to be actionable under the Maryland CPL). |

9

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| MASSACHUSETTS | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Causation required between unfair acts and claimed loss**.  *Aspinall v. Philip Morris Cos.*, 813 N.E.2d 476, 486,87 (Mass. 2004); *Fraser Eng'g Co. v. Desmond*, 524 N.E.2d 110, 113 (Mass. App. Ct. 1988); *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 779 (Mass. 1975).<br><br>**Reliance not required to show violation**.  *Sebago, Inc. v. Beazer E., Inc.*, 18 F. Supp. 2d 70, 103 (D. Mass. 1998).  **However, a showing of reliance required to demonstrate proximate cause in order to establish damages**. *Maloney v. Sargisson*, 465 N.E.2d 296,301, 18 Mass. App. Ct. 341, 347 (Mass. App. Ct. 1984) (plaintiffs cannot recover where they "could not have relied upon [the alleged misrepresentations] to their detriment"). |
| **SCIENTER & LEVEL OF CULPABILITY** | **No intention to deceive need be shown; defendant need not know representation was false**.  *Swanson v. Bankers Life Co.*, 450 N.E.2d 577, 580 (Mass. 1983); *Golber v. BayBank Valley Trust Co.*, 704 N.E.2d 1191, 1194 (Mass. App. Ct. 1999); *Fraser Eng'g Co. v. Desmond*, 524 N.E.2d 110, 113 (Mass. App. Ct. 1988); *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768, 779 (Mass. 1975).<br><br>**Intent to deceive not required**. *Bond Leather Co., v. Q.T. Shoe Mfg. Co.*, Inc, 764 F.2d 928, 937 n.6 (1st Cir. 1985) (Massachusetts law).<br><br>**Law imposes a duty to disclose information only when the seller knows or should have knowledge of the information**.  *Nei v. Burley*, 446 N.E.2d 674, 679-80, 388 Mass. 307, 316-17 (Mass. 1983) (knowledge requirement applicable to duty to disclose claim). |

| MICHIGAN | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Loss must be "as a result of a violation" of the Act. Mich**.  Compl. Laws Ann. § 445.911(2), (3).<br><br>**Misleading acts or practices must be proximate cause of any damages**. *Zine v. Chrysler Corp.*, 600 N.W.2d 384, 399 (Mich. Ct. App. 1999).<br><br>**Members of a class action "need not individually prove reliance on the alleged misrepresentations," just show reasonable person would have relied**. *Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Plaintiff must show defendant's "intent to deceive through a pattern of misrepresentations."** *Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS

| MINNESOTA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Injury must be "by a violation" of the Act.** Minn. Stat. § 8.31(3a)<br><br>**There must be a "proper legal nexus between the complained of acts and their alleged monetary losses."** *LeSage v. Norwest Bank Calhoun-Isles, N.A.*, 409 N.W.2d 536, 539 (Minn. Ct. App. 1987).<br><br>**Proof of reliance is required for damages, but not for injunctive relief**. *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999); *Parkhill v. Minn. Mut. Life Ins. Co.*, 188 F.R.D. 332, 344-45 (D. Minn. 1999); *Group Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2, 13 (Minn. 2001).<br><br>**Causation is a necessary element in an action to recover damages under Minn. Stat. § 8.31(3a)**. *Group Health Plan, Inc. v. Philip Morris, Inc.*, 621 N.W.2d 2, 13 (Minn. 2001). |
| **SCIENTER & LEVEL OF CULPABILITY** | **"[I]ntent that others rely ... whether or not any person has in fact been misled, deceived, or damaged thereby."** Minn. Stat. §§ 325F.69(1); 325F.70; *LeSage v. Norwest Bank Calhoun-Isles, N.A.*, 409 N.W.2d 536, 539 (Minn. Ct. App. 1987). |

| MISSISSIPPI | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **"Ascertainable loss" must be "a result of" unlawful acts**. Miss. Code Ann. § 75-24-15(1). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Only some subsections require intent.** Miss Code Ann. § 75-24-5(i)(j). |

| MISSOURI | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance not required to show violation**. *State v. AreaCo. Inv. Co.,* 756 S.W.2d 633, 635-36 (Mo. App. 1988).<br><br>**However, injury must be "proximately caused by defendant's actions."** *Willard v. Bic Corp.*, 788 F. Supp. 1059, 1070 (W.D. Mo. 1991); Mo. Ann. Stat. § 407.025(1) ("Ascertainable loss" must be "a result of" unlawful acts). |
| **SCIENTER & LEVEL OF CULPABILITY** | **No need to prove intent**. *E.G., State ex rel. Nixon v. Beer Nuts*, 29 S.W.3d 828, 837 (Mo. Ct. App. 200); *State ex rel. Webster v. AreaCo Inc. Co.*, 756 S.W.2d 633, 635 (Mo. Ct. App. 1988) ("it is the defendant's conduct, not his intent, which determines whether a violation has occurred."). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| MONTANA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance probably not required**.  *Durbin v. Ross*, 916 P.2d 758, 762 (Mont. 1996) (listing reliance as element for fraud but not specifically for CPA violations). |
| **SCIENTER & LEVEL OF CULPABILITY** | **No mention of any requirement that party must first prove malice, oppression or fraud.**  *T&W Chevrolet v. Darvial,* 641 P.2d 1368, 1371-72 (Mont. 1982). |

| NEBRASKA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **A claim may be brought by any person who is injured by a violation of the CPA**.  Neb. Rev. Stat. Ann. § 59-1609.  *But see* Neb. Rev. Stat. Ann. § 87-303(a) (allowing injunctive relief for any person likely to be damaged by a deceptive trade practice of another.).<br><br>**"In order to establish an act or practice is deceptive, the FTC must establish that the representations, omissions, or practices likely would mislead consumer, acting reasonably, to their detriment."**  Nev. Rev. Stat. Ann. § 59-1609, 89-303(a). |
| **SCIENTER & LEVEL OF CULPABILITY** | **No particular scienter requirement.**  Neb. Rev. Stat. Ann. § 59-1609; § 87-303(a). |

| **RELIANCE OR PROXIMATE CAUSATION** | **Knowledge of truth by plaintiff prior to acting may negotiate claim.**  *Road v. Wal-Mart Stores* |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **No scienter requirement**. Neb. Rev. Stat. Ann. 87-303(a).<br><br>**Plaintiff must prove "the practice possessed the tendency or capacity to mislead, or created the likelihood of deception."**  *Road v. Wal-Mart Stores, Inc.,* 13 F. Supp. 2d 1003, 1014 (D. Neb. 1998). |

| NEVADA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **A claim may be brought by or on behalf of "any person who is a victim of consumer fraud."**  Nev. Rev. Stat. § 41.600(1). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Requires defendant "knowingly" made a false representation.**  Nev. Rev. Stat. § 598.0915; *Scaffidi v. United Nissan,* 425 F. Supp. 2d 1172, 1184-85 (D. Nev. 2005) (no cause of action against a car dealer where no evidence of intentional deception).<br><br>**Or "knowingly" fails to disclose a material fact**.  Nev. Rev. Stat. § 598.0923(2). |

12

**APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS**

| NEW HAMPSHIRE | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Plaintiffs must establish a "causal link" between the unlawful conduct and their injuries.** *Mulligan v. Choice Mortgage Corp. USA,* 1998 WL 544431, at *11 (D.N. H. Aug. 11, 1998). |
| **SCIENTER & LEVEL OF CULPABILITY** | **No level of scienter required for normal damages; damages doubled or trebled for "willful or knowing violations."** N.H. Rev. Stat. Ann. § 358-A:10.<br><br>**"'The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.'"** *Barrows v. Boles*, 687 A.2d 979, 986-87 (N.H. 1996) (quoting *Levings v. Forbes & Wallace, Inc.*, 396 N.E.2d 149, 153 (1979)). |

| NEW JERSEY | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Any person who suffers ascertainable loss of moneys or property "as a result of" unlawful acts may bring an action.** N.J. Stat. Ann. § 56:8-19.<br><br>**This "causation provision" requires plaintiff "to prove that the unlawful consumer fraud caused his loss."** *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 464 (N.J. 1994).<br><br>**"But for" test applies for proximate cause determination.** *Fink v. Ricoh Corp.*, 839 A.2d 942, 976-77 (N.J. Super. 2003).<br><br>**Liability under the Act "does not require proof of reliance."** *DaBosh v. Mercedes Benz USA, Inc.*, 874 A.2d 1110, 1121 (N.J. Super. Ct. App. Div. 2005); *N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 178 (N.J. Super. Ct. App. Div. 2003). |

# APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS

| NEW JERSEY | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **An omission of a material fact can be sufficiently deceptive to invoke the Act's sanctions without proof of intent.** *Chattin v. Cape May Greene, Inc.*, 591 A.2d 943, 946 (N.J. 1991).<br><br>**Defendant's intent is not an element; liability for affirmative misrepresentation requires no knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive.** *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 365 (N.J. 1997); *Thiedmann v. Mercedes-Benz USA, Inc.*, 872 A.2d 783, 791 (N.J. 2005).<br><br>**Intent to deceive required.** *Knapp v. Potamkin Motors Corp.*, 602 A.2d 302,304,253 N.J. Super. 502, 506 (N.J. Super. Ct. Law Div. 1991) (delineating higher standard of proof required in private actions).<br><br>**Expressly prohibits "unconscionable" practices.** N.J. Rev. Stat. § 56:8-1.<br><br>**Defines unconscionable practices.** *Meshinsky v. Nichols Yacht Sales, Inc.*, 541 A.2d 1063, 1067, 110 N.J. 464, 472, 6 U.C.C. Rep. Serv. 2d (Callaghan) 1144 (N.J. 1988) ("Acknowledging that 'unconscionability' is an 'amorphous concept obviously designed to establish a broad business ethic,' we have defined the term 'as [t]he standard of conduct contemplat[ing] good faith, honesty in fact, and observance of fair dealing'") (citations omitted).<br><br>**Knowledge and intent is required for claims based on omissions.** N.J. Stat. Ann. § 56:8-2 |

| NEW MEXICO | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Any person who suffers a loss of money or property "as a result of" unlawful acts may bring an action.** N.M. Stat. Ann. § 57-12-10(B).<br><br>**Plaintiff must show defendant's violation proximately caused plaintiff damages.** *Uniform Jury Instructions* 13-1707 NMRA (instructing that plaintiffs "may recover damages proximately caused by the deceptions"); *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991). |

APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS

| NEW MEXICO | |
| --- | --- |
| **SCIENTER & LEVEL OF CULPABILITY** | **Need not by intentionally made, but defendant must know that representation is false or in exercise of reasonable diligence should have known that representation is false.**  N.M. State. Ann. § 57-12-2(D); *Taylor v. United Mgmt., Inc.*, 51 F. Supp. 2d 1212, 1216 (D.N.M. 1999); *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991).<br><br>**Law imposes a duty to disclose information only when the seller knows or should have knowledge of the information.**  *Richardson Ford Sales, Inc. v. Johnson*, 676 P.2d 1344, 1347-48, 100 N.M. 779, 783-84, 38 U.C.C. Rep. Serv. (Callaghan) 390 (N.M. Ct. App. 1984) (seller must be aware of non-disclosure where CPL explicitly applies only to claims "knowingly made").<br><br>**Expressly prohibits "unconscionable" practices.**  N.M. Stat. Ann. § 57-12-3.<br><br>**Willful violations allowed for treble damages.**  N.M. stat. Ann. § 57-12-010(B). |

| NEW YORK | |
| --- | --- |
| **RELIANCE OR PROXIMATE CAUSATION** | **Plaintiff must have suffered injury "as a result of the deceptive act," but "reliance is not an element" of the Act.**  *Stutman v. Chem. Bank*, 731 N.E.2d 608, 611-12 (N.Y. 2000); *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).<br><br>**No presumption of causation for absent class members.**  *Carnegie v. H & R Block, Inc.*, 269 A.D.2d 145, 147, 703 N.Y.S.2d 27 (2000) (finding that class certification [cannot] be based on Block's advertising, since questions of whether each individual was exposed to, and influenced by, the advertising would predominate). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent to defraud is not an element of a claim under the Act.**  *Stutman v. Chem. Bank*, 731 N.E.2d 608, 612 (N.Y. 2000).<br><br>**Discretionary treble damages for willful or knowing violations.**  N.Y. Gen. Bus. Law § 349(h). |

15

APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS

| NORTH CAROLINA | |
| --- | --- |
| **RELIANCE OR PROXIMATE CAUSATION** | **Defendant's misrepresentations must have "proximately caused actual injury to plaintiffs."** *Wilson v. Blue Ridge Elec. Membership Corp.*, 578 S.E.2d 692, 694 (N.C. Ct. App. 2003).<br><br>**"Substantial factor" test applies in proximate cause determination.** *Am. Rockwool, Inc. v. Owens-Corning Fiberglass Corp.*, 640 F. Supp. 1411, 1444 (E.D.N.C. 1986).<br><br>**Unclear whether reliance is required.** *Tucker v. Boulevard at Piper Glen, LLC*, 564 S.E.2d 248, 251 (2002) (stating that "actual reliance on the alleged misrepresentation" was required for proximate causation). *But see Cullen v. Valley Forge Life Ins.*, 589 S.E.2d 423, 431 (N.C. Ct. App. 2003) (indicating that proof of reliance may not be required). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Split of decisions as to whether scienter is required.** *Compare Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 616 S.E.2d 349, 355 (N.C. Ct. App. 2005) (no particular scienter requirements), *with Forbes v. Par Ten Group, Inc.*, 394 S.E.2d 643, 651, 99 N.C. App. 587, 601 (N.C. Ct. App. 1990) (showing that Defendant knew his conduct was deceptive is required); *Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 601, 394 S.E. 2d 643, 651 (NC. Ct. app. 1990) ("That defendants may have made these misrepresentations negligently and not in good faith, in ignorance of their falsity, and without intent to mislead, affords no defense to an action under [the Act.]"). |

| NORTH DAKOTA | |
| --- | --- |
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance not required.** N.D. Cent. Code § 51-15-02. |
| **SCIENTER & LEVEL OF CULPABILITY** | **Deceptive act must be made with the "intent that others rely" upon it.** N.D. Cent. Code § 51-15-02.<br><br>**"Knowing" conduct may subject defendant to treble damages.** N.D. Cent. Code § 51-15-09. |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| OHIO | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Deceptive act or practice need only be "in connection with" a consumer transaction.**  Ohio Rev. Code Ann. § 1345.02(A).<br><br>**Showing of individual reliance required.**  *Amato v. Gen. Motors Corp.*, 463 N.E.2d 625, 629, 11 Ohio App. 3d 124, 127-28, 11 Ohio B. Rep. 203 (Ohio Ct. App. 1982) ("proof of reliance may be sufficiently established by inference or presumption from circumstantial evidence to warrant submission to a jury without direct testimony from each member of a class"). |
| **SCIENTER & LEVEL OF CULPABILITY** | **"Intent to deceive is not an element required for a violation of the deceptive practices portion of the act."**  *Rose v. Zaring Homes, Inc.*, 702 N.E.2d 952, 956 (Ohio Ct. App. 1997).<br><br>**Expressly prohibits "unconscionable" practices**.  Ohio Rev. Code Ann. § 1345.03<br><br>**Defendant must knowingly commit deceptive act in order for fees to be awarded.**  *See Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 491 N.E.2d 345, 351,23 Ohio App. 3d 85,90,23 Ohio B. Rep. 150 (Ohio Ct. App. 1985). |

| OKLAHOMA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **The challenged practice must have caused the plaintiff's injuries.**  Okla. Stat. Ann. tit. 15, §§ 753, 761.1(A); *Patterson v. Beall*, 19 P.3d 839, 846-47 (Okla. 2000) (consumer must have suffered an injury in fact caused by the challenged practice). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Whether knowledge is required depends on the particular provision alleged to have been violated.**  *Patterson v. Beall*. 19 P.3d 839, 847 n.12 (Okla. 2000). *See* Okla. Stat. Ann. tit. 15, § 752(13), (14) (not requiring knowledge); Okla. Stat. Ann. tit. 15, § 753(2)-(5); tit. 78 § 53(5) (requiring knowledge of a false representation). |

**APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS**

| OREGON | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Ascertainable loss must be "as a result of willful use of employment" of unlawful "method, act or practice."** Or. Rev. Stat. § 646.638(1).<br><br>**Plaintiff must have "relied in fact" on certain misrepresentation**. *Feitler v. Animation Collection, Inc.*, 13 P.3d 1044, 1050 (Or. Ct. App. 2000).<br><br>**Showing of individual reliance required.** *Sanders v. Francis*, 561 P.2d 1003, 1006,277 Ore. 593,598 (Ore. 1977) ("Whether ORS 646.638(1) requires reliance as an element of causation necessarily depends on the particular unlawful practice alleged").<br><br>**However, reliance is not necessary for omissions**. *Sanders v. Francis*, 561 P.2d 1003, 1006 (Or. 1977). |
| **SCIENTER & LEVEL OF CULPABILITY** | **While scienter is not required to establish violation of the UTPA, Plaintiff must provide "willful use or employment" of unlawful practice in order to recover damages.** Or. Rev. Stat. § 646.638(1); *Raudebaugh v. Action Pest Control, Inc.*, 650 P.2d 1006, 1009 (Or. Ct. App. 1982).<br><br>**However, "willful violation" means only that the actor should have known the act was unlawful.** Or. Rev. Stat. § 646.605(10).<br><br>**Showing that the Defendant knew his conduct was deceptive is required in order to recover.** *Luedeman v. Tri-West Constr. Co.*, 592 P.2d 281, 282, 39 Ore. App. 401,404 (Or. Ct. App. 1979) (noting that "[a] willful [CPL] violation occurs when the person committing the violation knew or should have known that his conduct was a violation"). |

| PENNSYLVANIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Plaintiff msut show "justifiable reliance" for common-law fraud.** *Toy v. Metro. Life Ins. Co.,* 863 A.2d 1, 11 (Pa. Super. 2004); *Weinbeurg v. Sun Co., Inc.*, 777 A.2d 442, 444 (Pa. 2001).<br><br>**Causal connection between unlawful practices and damages required.** 73 Pa. Cons. Stat. § 201-9.2(a)<br><br>**No presumption of reliance for absent class members.** *Weinberg v. Sun Co., Inc.*, 565 Pa. 612, 618, 777 A.2d 442, 446 (2001) (revising lower court order mandating class certification because by requiring that absent class members suffer an ascertainable loss as a result of defendant's alleged false advertising, the statute requires class members to prove that the advertising actually influenced their purchasing decisions). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Plaintiff must show elements of common law fraud, including knowledge of fraud or reckless disregard thereto.** *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002) |

18

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS

| RHODE ISLAND | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | Ascertainable loss must be "as a result of the use or employment ... of a method, act or practice declared unlawful." R.I. Gen. Laws § 6-13.1-5.2(a). |
| **SCIENTER & LEVEL OF CULPABILITY** | Undecided. |

| SOUTH CAROLINA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | Ascertainable loss must be "as a result of the use or employment ... of an unfair or deceptive method, act or practice." S.C. Code Ann. § 39-5-140(a); **Inman v. Ken Yuatt Chrysler Plymouth, Inc.**, 363 S.E.2d 691, 692 (S.C. 1988) (requiring "capacity to deceive"). |
| **SCIENTER & LEVEL OF CULPABILITY** | Violation need not be knowing or willful to recover actual damages; must be willful for treble damages. *Inman v. Ken Yuatt Chrysler Plymouth, Inc.*, 363 S.E.2d 691, 692 (S.C. 1988) (noting that intent to deceive is not required); **Haley Nursery Co. v. Forrest**, 381 S.E.2d 906, 909 (S.C. 1989). |

| SOUTH DAKOTA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | Requires "proof of an intentional misrepresentation or concealment of a fact on which plaintiff relied and that caused an injury to plaintiff." Nw. Pub. Serv. V. Union Carbide Corp., *236 F. Supp. 2d 966, 973-74 (D. S.D. 2002)*. |
| **SCIENTER & LEVEL OF CULPABILITY** | A deceptive act/omission must be knowing and intentional. S.D. Codified Laws § 37-24-6(1). |

| TENNESSEE | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | Requires an "ascertainable loss ... as a result of the use or employment ... of an unfair or deceptive act or practice." Tenn. Code Ann. ¶ 47-18-109(a)(1).<br><br>No reliance requirement, but plaintiffs must show proximate cause of harm. *Harvey v. Ford Motor Credit Co.*, No. 03A01-9807-CV-00235, 1999 WL 486894, at *2 (Tenn. Ct. App. July 13, 1999) (proximate cause required).<br><br>No presumption of reliance for absent class members. *Thorogood v. Sears, Roebuck & Co.*, 547 F 3d. 742, 748 (7th Cir. 2008) (interpreting Tennessee Consumer Protection Act). |

# APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| TENNESSEE | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **Unfair or deceptive act "need not be willful or knowingly made to recover actual damages"; statute contemplates recovery for negligence.** *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12-13 (Tenn. Ct. App. 1992).<br><br>**Willful and knowing acts required for trebled damages.** *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992).<br><br>**Proof of some intermediate degree of intent is required**. *Smith v. Scott Lewis Chevrolet Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992) (although intent to deceive need not be shown, the concept of deception requires that an element of intent be present).<br><br>**Knowledge of falsity required for trebled damages; can be inferred based upon a reasonable person standard**. *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). |

| TEXAS | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Act or practice must be a "producing cause" of damages and "relied on by a consumer to the consumer's detriment."** Tex. Bus. & Com. Code § 17.50(a).<br><br>**No presumption of reliance for absent class members.** *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675 (Tex. 2002) (finding that the burden on plaintiffs to prove reliance to recover under the Deceptive Trade Practices Act is in no way altered by the assertion of claims on behalf of a class). |

### APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
### AND DECEPTIVE TRADE PRACTICES LAWS

| TEXAS | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **Knowledge or intent is not an element unless required by a particular provision.** *Smith v. Herco, Inc.*, 900 S.W.2[nd] 852, 859 (Tex. App. 1985); *Williams v. Trail Dust Steak House, Inc.*, 727 S.W.2d 812,814 (Tex. Ct. App. 1987) (no showing of intent to deceive required). <br><br> **To recover treble damages, defendant's actions must have been intentional**. Tex. Bus. & Com Code § 17.50(b). <br><br> **Showing that Defendant knew his conduct was deceptive is required**. *Henry S. Miller Co. v. Bynum*, 797 S.W.2d 51, 55 (Tex. Ct. App. 1990) (for purposes of Texas CPL, "when a seller makes representations to a buyer, it is under a duty to know if the representations are true"), *aff'd*, 836 S.W.2d 160 (Tex. 1992). <br><br> **Expressly prohibits "unconscionable" practices.** Tex. Bus. & Com. Code Ann. § 17.50. <br><br> **Defines unconscionable practices.** *Chastain v. Koonce*, 700 S.W.2d 579, 584, 29 Tex. Sup. J. 79 (Tex. 1985) ("Taking advantage of a consumer's lack of knowledge to a grossly unfair degree thus requires a showing that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated") |

| UTAH | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Requires plaintiff suffer loss as a result of violations of the Act**. Utah Code Ann. § 13-11-192(3). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Requires knowing or intentional deceptive act or practice.** Utah Code Ann. § 13-11-4(2) (2006); *Rawson v. Conover*, 20 P.3d 876, 883 (Utah 2001). <br><br> **Expressly prohibits "unconscionable" practices.** Utah Code Ann. § 13-11-5. |

| VERMONT | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Cause of action available to consumer who contracts for goods or services in reliance upon false or fraudulent representations or who sustains damages or injury as a result of such representations.** 9 Vt. Stat. Ann. § 2461(b). <br><br> **Actual reliance not required; a statement need only be capable of misleading the consumer.** *Jordan v. Nissan N. Am.*, 853 A.2d 40, 44 (Vt. 2004). |

## APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
## AND DECEPTIVE TRADE PRACTICES LAWS

| VERMONT | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **No intent or bad faith required.**  *Winston v. Johnson & Dix* Fuel, 515 A.2d 371, 376 (Vt. 1986); *Poulin v. Ford Motor Co.,* 513 A.2d 1168, 1171 (Vt. 1986).<br><br>**If defendant knows or should know that omission is important, materiality is presumed.**  *Carter v. Gugliuzzi*, 716 A.2d 17, 23-24 (Vt. 1998). |

| VIRGINIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Requires "loss as the result of a violation" of the Act.**  Va. Code Ann. § 59.1-204(A); *Polk v. Crown Auto, Inc.*, 228 F.3d 541, 543 (4th Cir. 2000); *Alston v. Crown Auto, Inc.*, 224 F.3d 332, 336 (4th Cir. 2000).<br><br>**Reliance element of fraud is necessary to state a claim.**  *Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 188 (E.D. Va. 2005); *Weiss v. Cassidy Dev. Corp.*, 2003 WL 22519650, at \*2 (Va. Cir. Ct. Aug. 18, 2003); *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 717 (Va. 2001). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent requirement of fraud applies**.  *Cooper v. GGGR Invs., LLC*, 334 B.R. 179, 188 (E.D. Va. 2005); *Weiss v. Cassidy Dev. Corp.*, 2003 WL 22519650, at \*2 (Va. Cir. Ct. Aug. 18, 2003).<br><br>**Misrepresentation by omission of a material fact requires evidence of a "knowing and deliberate decision" to conceal the fact.**  *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001).<br><br>**Bona fide errors or lack of control are defenses**.  Va. Code Ann. § 59-1-207. |

22

**APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS**

| WASHINGTON | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | A **"causal link" must exist "between the unfair or deceptive act and the injury suffered."** *Pickett v. Holland Am. Line-Westours, Inc.*, 35 P.3d 351, 360 (Wash. 2001); *Leingang v. Pierce County Med. Bureau, Inc.*, 930 P.2d 288, 296 (Wash. 1997).<br><br>**Defendant's actions must have induced the Plaintiff to act or refrain from acting.** *Smith v. Olympic Bank*, 693 P.2d 92, 96, 103 Wn.2d 418,425 40 U.C.C. Rep. Servo (Callaghan) 519 (Wash. 1985) (relevant standard under CPL is whether defendant's conduct induced plaintiff to act or refrain from acting).<br><br>**Showing of reliance required to demonstrate proximate cause in order to establish damages.** *Nuttall v. Dowell*, 639 P.2d 832, 840,31 Wn. App. 98, 110-11 (Wash. Ct. App. 1982) ("[T]this is a private action in which plaintiff seeks recovery of damages and, as such, he must establish some causal link between defendant's unfair act and his injury .... Here, on conflicting evidence, the trial court found that plaintiff did not rely upon defendant's representations."); *see also Robinson v. Avis Rent-A-Car Sys. Inc.*, 22 P.3d 818, 823 (Wash. Ct. App. 2001) (plaintiff establishes causation by showing that he or she "relied upon a misrepresentation of fact.").<br><br>**Other cases indicate that a plaintiff need not prove reliance to establish an unfair trade practice.** *State v. A.N.W. Seed Corp.*, 802 P.2d 1353 (1991); *Washington v. Williams Chrysler Plymouth*, 553 P.2d 423 (Wash. 1976); *Testo v. Russ Dunmire Colds*, 554 P.2d 349 (Wash. Ct. App. 1976). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent not required "if the action has the capacity to deceive a substantial portion of the purchasing public."** *Haner v. Quincy Farm Chems, Inc.*, 649 P.2d 828, 831 (Wash. 1982). |

| WEST VIRGINIA | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **"Ascertainable loss" as a result of prohibited act.** W. Va. Code Ann. § 46A-6-106(a).<br><br>**Deceptive acts prohibited "whether or not any person has in fact been misled, deceived or damaged thereby."** W. Va. Code Ann. § 46A-6-102(7)(M).<br><br>**Reliance on affirmative misrepresentations must be proven in certain instances.** *White v. Wyeth*, 705 S.E.2d 828, 837 (W. Va. 2010). |
| **SCIENTER & LEVEL OF CULPABILITY** | **In false advertising claims, the offending misrepresentation must be made "with intent that others rely upon" it.** W. Va. Code Ann. § 46A-6-102(7)(M). |

APPENDIX OF VARIATIONS IN STATE CONSUMER PROTECTION
AND DECEPTIVE TRADE PRACTICES LAWS

| WISCONSIN | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Pecuniary loss must be "because of a violation" of Section 100.18 in order to state a claim.**  Wis. Stat. Ann. § 100.18(11)(b)(2).<br><br>**Plaintiffs must "show a causal connection between the defendants' alleged conduct and any pecuniary loss suffered."**  *Valente v. Sofamor*, S.N.C., 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999).<br><br>**Individual reliance required**.  *Valente v. Sofamor*, 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999); *State v. Saternus*, 361 N.W.2d 728, 731 (Wis. Ct. App. 1984). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Representation must be made with knowledge the representation was false**.  *Tietsworth v. Harley Davidson*, 677 N.W.2d 233, 239 (Wis. 1999).<br><br>**There is strict liability for misrepresentations**.  *Shephard Invs. Int'l, Inc. v. Verizon Commc'ns, Inc.*, 373 F. supp. 2d 853, 872 (E.D. Wis. 2005).<br><br>**"Plaintiffs must show that the defendants intentionally induced the public to purchase merchandise."**  *Valente v. Sofamor*, S.N.C., 48 F. Supp. 2d 862, 874 (E.D. Wis. 1999).<br><br>**Certain acts or omissions must be made with knowledge that the act or omissions was false**.  Wis. Stat. Ann. § 100.18(1); *Ricco v. Riva*, 2003 WI App. 182, at P32-36, 266 Wis. 2d 969, 714-17, 699 N.W.2d 193, 201-03 (Wisc. Ct. App. 2003). |

| WYOMING | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Damages "actually suffered as a consumer as a result of such unlawful deceptive trade practice."**  Wyo. Stat. Ann. § 40-12-108(a). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Requires that defendant "knowingly ... engages in unfair or deceptive acts or practices."**  Wyo. Stat. Ann. § 40-12-105(a). |

24