UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TZIVA RAPOPORT-HECHT, individually
on behalf of herself and all others similarly
situated,

                                                    14-CV-9087 (KMK)

        Plaintiff,

    -against-

SEVENTH GENERATION, INC.,

        Defendant.
---------------------------------------------------------X

**Memorandum of Law in Opposition to Defendant Seventh
Generation, Inc.'s Motion to Strike Class Allegations**

Joseph Lipari, Esq. (Bar ID #: JL3194)
Jason P. Sultzer, Esq. (Bar ID #: JS4546)
The Sultzer Law Group, P.C
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY
Tel: (845) 483-7100
Fax: (888) 749-7747
liparij@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*

# TABLE OF CONTENTS

TABLE OF CONTENTS…………………………...…………………………………………..I

TABLE OF AUTHORITIES……………………….....................................................II-VII

PRELIMINARY STATEMENT…………………………………………………………….1

Introduction: Legal Requirements for Class Certification…………………………….……..1

ARGUMENT………………………………………………………………………………...2

POINT I: Defendant's Motion to Strike Class Allegations Should be Denied, because it Cannot

    Meet its High Burden, and the Motion is Indeed Premature………………......……2

POINT II: Plaintiff Has Made the Requisite Allegations…………………………………….5

    1.  Numerosity…………………………………………………………….……..5

    2.  Common Questions of Law and Fact…………………………………………...6

    3.  Typicality………………………………………………………….…………7

    4.  Adequacy of Representation………………………………………...……………7

POINT III: Pre-Discovery, there is no basis for Dismissing the Class Allegations as to New

    York's General Business Law §§349 – 350………………….…………………….8

POINT IV: Analogous Statutes in the Other States Also Provide Remedies for Deceptive

    Marketing Practices……………………………………………………….……9

POINT V: The Variations in the Different States' Laws will not Make the Case

    Unmanageable………………………………………………………….……...13

POINT VI: The Prayer for Injunctive Relief May Not Be Dismissed……………...…………13

CONCLUSION…………………………………………………………………………..14

I

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Ackerman v. Coca-Cola Co.*,
   2013 U.S. Dist. LEXIS 184232, 56 (E.D.N.Y. July 17, 2013)……………………….14

*Altman v. Bayer Corp.*,
   125 F. Supp. 2d 666, 673 (SDNY 2000)………………………………………………9

*Amgen Inc. v. Connecticut Retirement Plans*,
   568 U.S. ___, 133 S.Ct. 1184, 1194-95 (2013)………………………………….....2

*Bryant v. Food Lion, Inc.*,
   774 F.Supp. 1484, 1495 (DSC 1991)………………………………………………..2

*Cassese v. Washington Mutual, Inc.*,
   255 F.R.D. 89, 97-98 (EDNY 2008)………………………………………………..10

*Chenensky v. NY Life Ins. Co.*,
   2011 WL 1795305, at *1 (SDNY Apr. 27, 2011)……………………………….3, 4

*Chen-Oster v. Goldman, Sachs & Co.*,
   877 F.Supp.2d 113, 117 (SDNY 2012)……………………………………………...3

*Chimenti v. American Express*,
   97 A.D.2d 351 (1st Dep't 1983)……………………………………………………..8

*Comcast Corp. v. Behrend*,
   568 U.S. ___, 133 S.Ct. 1426, 1432 (2013)…………………………………………2

*Ebin v. Kangadis*,
   297 F.R.D. 561 (SDNY March 24, 2014)………………………………………...12

*Farinella v. PayPal, Inc.*,
   611 F. Supp.2d 250, 263 (EDNY 2009)………………………………………..10, 12

*General Telephone v. Falcon*,
   457 U.S. 147 (1982)…………………………………………………………………2

*Goshen v. Mutual Life Insurance*,
   98 N.Y.2d 314, 325 (2002)………………………………………………………..8

*In re Grand Theft Auto*,
   251 F.R.D. 139, 154 (SDNY 2008)………………………………………………...10

*In re Initial Public Offering Securities Lit.*,
    471 F. 3d 24, 29 (2d Cir. 2006)…………………………………………………………2

*In re People v. Telehublink Corp.*,
    301 A.D.2d 1006 (3d Dep't 2003)…………………………………………………...8

*In re Tronox Sec. Litig.*,
    No. 09 Civ. 6220, 2010 WL 2835545, at *4 (SDNY June 28, 2010)……………….....3

*Ironforge.com v. Paychex, Inc.*,
    747 F.Supp.2d 384, 404 (WDNY 2010)…………………………………………….....3

*Marisol v. Guiliani*,
    126 F.3d 372, 375-76 (2d Cir. 1997)………………………………………………...1

*Mayfield v. Asta Funding, Inc.*,
    No. 14-CV-2591 (SDNY March 31, 2015; Preska, J.)…………………………….....2

*Mazzola v. Roomster Corp.*,
    849 F.Supp.2d 395, 410 (SDNY 2012)……………………………………………...3

*Meraner v. Albany Med. Ctr.*,
    199 A.D.2d 740 (3d Dep't 1993)…………………………………………………….8

*People v. H&R Block*,
    58 A.D.3d 415, 417 (1st  Dep't 2009)……………………………………………….8

*People v Nat'l Home Prot., Inc.*,
    2009 N.Y. Misc. LEXIS 3667, at *8-9 (N.Y. Sup. Ct. Dec. 8, 2009)………………8

*Roach v. T.L. Cannon Corp.*,
    778 F.3d 401, 405 (2d Cir. 2015)…………………………………………………1, 2

*Rodriguez v. It's Just Lunch, Int'l*,
    300 F.R.D. 125 (S.D.N.Y. 2014)…………………………………………………….6

*Scott v. Prudential Ins.*,
    112 A.D.2d 714 (4th Dep't 1985)………………………………………………8, 9

*Teamsters Local 445 v. Bombardier Inc.*,
    546 F.3d 196, 202 (2d Cir. 2008)…………………………………………………….1

*Wal-Mart Stores v. Dukes*,
    564 U.S. 277 (2011)………………………………………………………………….2

III

## Statutes

FRCP 23………………………………………………………………………...1, 2

FRCP 23(a)………………………………………………………………………..1, 2

FRCP 23(b)………………………………………………………………………..1, 2

FRCP 23(b)(2)…………………………………………………………………...14

FRCP 23(b)(3)……………………………………………………………………..2

GBL §349……………………………………………………………………8, 9

GBL §349(h)……………………………………………………………………...14

GBL §350……………………………………………………………………8, 9

General Business Law §349……………………………………………………...8, 13

General Business Law §350……………………………………………………….8

Rule 23……………………………………………………………………….3

Rule 23(a)………………………………………………………………………...14

Alabama Deceptive Trade Practices Act, Ala.Stat.Ann. §§ 8-19-1, *et seq*...……………………10

Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Code §§ 45.50.471, *et seq*...……………………………………………………………………...10

Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, *et seq*...…………………..10

Arkansas Deceptive Trade Practices Act, Ark. Code §§ 4-88-101, *et seq*...………………………10

California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200, *et seq*...……………………………...10

Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq*...………………………10

Connecticut Unfair Trade Practices Act, Conn. Gen. Stat §§ 42-110a, *et seq*...…………………...10

Delaware Deceptive Trade Practices Act, 6 Del. Code §§ 2511, *et seq*...…………………………10

District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28 3901, *et seq*...……10

IV

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq*..………10

Georgia Fair Business Practices Act, §§ 10-1-390 *et seq*..………………………………………..10

Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues §§ 480 1, *et seq.*, and
Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statutes §§ 481A-1, *et seq*....10

Idaho Consumer Protection Act, Idaho Code §§ 48-601, *et seq*..…………………………………10

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*..…….10
.

Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, *et seq*..…………10

Iowa Consumer Fraud Act, Iowa Code §§ 714.16, *et seq*..………………………………………..10

Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50 626, *et seq*..…………………………10

Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et seq.*, and the Kentucky
Unfair Trade Practices Act, Ky. Rev. Stat. Ann §§ 365.020, *et seq*..……………………………..11

Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401,
*et seq*..………………………………………………………………………………………………...11

Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. §§ 205A, et seq,, and Maine Uniform
Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, §§ 1211, *et seq*..………………………11

Maryland Consumer Protection Act, Md. Com. Law Code §§ 13-101, *et seq*..…………………..11

Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A………………...11

Michigan Consumer Protection Act, §§ 445.901, *et seq*..………………………………………….11

Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325E68, *et seq.*; and Minnesota
Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43, *et seq*..………………………11

Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, *et seq*..……………………11

Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq*..……………………...11

Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code §§ 30-14- 101, *et
seq*..………………………………………………………………………………………………...11

Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59 1601, *et seq.*, and the Nebraska
Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301, *et seq*..……………………11

Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq*..……………..11

New Hampshire Consumer Protection Act, N.H. Rev. Stat. §§ 358-A:1, *et seq*..............................11

New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et seq*....................................11

New Mexico Unfair Practices Act, N.M. Stat. Ann. 57 12 1, *et seq*....................................11

New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349, *et seq*....................11

North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et seq*............................11

North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, *et seq*..................................................................................................11

Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. §§ 4165.01. *et seq*....................11

Oklahoma Consumer Protection Act, Okla. Stat. §§ 15 751, *et seq*....................................11

Oregon Unfair Trade Practices Act, Rev. Stat. §§ 646.605, *et seq*....................................11

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. §§ 201-1, *et seq*..................................................................................................11

Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws §§ 6-13.1-1, *et seq*..................................................................................................11

South Carolina Unfair Trade Practices Act, S.C. Code Laws §§ 39-5-10, *et seq*....................11

South Dakota Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 I, *et seq*..................................................................................................11

Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, *et seq*.................11

Texas Stat. Ann. §§ 17.41, *et seq.*, Texas Deceptive Trade Practices Act...........................11

Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1, *et seq*........................................11

Vermont Consumer Fraud Act, Vt. Stat. Ann. Title 9, §§ 2451, *et seq*..............................11

Virginia Consumer Protection Act, Virginia Code Ann. §§ 59.1-196, *et seq*........................11

Washington Consumer Fraud Act, Wash. Rev. Code §§ 19.86.010, *et seq*...........................11

West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-6- 101, *et seq*..................................................................................................11

VI

Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100. 18, *et seq.*..……………………..11

Wyoming Consumer Protection Act, Wyoming Stat. Ann. §§ 40-12-101, *et seq.*..……………11

**Preliminary Statement**

Plaintiff Tziva Rapoport-Hecht, individually on behalf of herself and all others similarly situated, hereby opposes defendant Seventh Generation, Inc.'s motion to dismiss the class certifications. To avoid repetition, the court is respectfully referred to plaintiff's memorandum of law submitted this same date in opposition to defendant Seventh Generation's motion to dismiss. The arguments made therein are incorporated by reference herein. For the following reasons, it is respectfully submitted that defendant's motion must be denied.

**Introduction: Legal Requirements for Class Certification**

Though the plaintiff has yet to move for class certification, and hereby only opposes the defendant's motion to strike the class allegations, the plaintiff maintains that the issues presented cannot be decided in a vacuum, and thus, as a preliminary matter, the court should be reminded of the legal standards applicable to class certification. FRCP 23 sets forth the requirements for class certification. The party seeking certification must satisfy the four prerequisites of FRCP 23(a) and also show that at least one of the three criteria in FRCP 23(b) is met. *Marisol v. Guiliani*, 126 F.3d 372, 375-76 (2d Cir. 1997). The moving party must demonstrate compliance with these elements by a preponderance of the evidence. *Teamsters Local 445 v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008).

Under FRCP 23(a), to obtain certification, the plaintiff who moves for such certification must show that "(1) 'the class is so numerous that joinder of all members is impracticable'; (2) 'there are questions of law and fact common to the class'; (3) 'the claims or defenses of the representative parties are typical' of those of the class; and (4) 'the representative parties will fairly and adequately protect the interests of the class'." *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (quoting FRCP 23(a)). In determining whether the movant has

established the prerequisites of FRCP 23(a), the court conducts a rigorous analysis of the record. *In re Initial Public Offering Securities Lit.*, 471 F. 3d 24, 29 (2d Cir. 2006) (quoting *General Telephone v. Falcon*, 457 U.S. 147 (1982)). The rigorous analysis will often "entail 'overlap with the merits of the plaintiff's underlying claims'." *Comcast Corp. v. Behrend*, 568 U.S. ___, 133 S. Ct. 1426, 1432 (2013) (citing *Wal-Mart Stores v. Dukes*, 564 U.S. 277 (2011)). Such inquiries that may touch upon the merits are to be made only "to the extent they are relevant" to the FRCP 23(a) inquiry. *Amgen Inc. v. Connecticut Retirement Plans*, 568 U.S. ___, 133 S. Ct. 1184, 1194-95 (2013) (citing *Wal-Mart*). That is, FRCP 23 does not grant the court license to engage in "free-ranging merits inquiries at the certification stage." *Id.* at 1195.

Upon a finding that the proposed class meets FRCP 23(a), the court then determines whether certification is appropriate under FRCP 23(b). *Roach v. T.L. Cannon Corp.*, 778 F.3d at 405. Under FRCP 23(b)(3) certification is proper "if both (1) 'questions of law or fact common to class members predominate over any questions affecting only individual members,' and (2) 'a class action is superior to other available methods for fairly and efficiently adjudicating the controversy'." *Roach v. T.L. Cannon Corp.,* 778 F.3d at 405 (quoting FRCP 23(b)).

Argument

**Point I:       Defendant's Motion to Strike Class Allegations Should be Denied, because it Cannot Meet its High Burden, and the Motion is Indeed Premature.**

When a defendant makes a motion to strike class allegations before class discovery has been concluded, the defendant bears an extraordinarily high burden: "In order to grant defendants' motion at this stage, defendants would have to demonstrate from the face of the complaint that ***it would be impossible to certify the alleged class*** regardless of the facts plaintiffs may be able to obtain during discovery." *Mayfield v. Asta Funding, Inc.,* No. 14-CV-2591 (SDNY March 31, 2015; Preska, J.) (emphasis added) (citing *Bryant v. Food Lion, Inc.,* 774 F.

2

Supp. 1484, 1495 (DSC 1991)). Here, defendant Seventh Generation hasn't merely moved to dismiss the class allegations before discovery has been held; it has moved to dismiss the class allegations before it has even answered the complaint.

There are numerous decisions in this circuit noting that motions to strike are disfavored, and should be granted "only when there is a strong reason for doing so." *In re Tronox Sec. Litig.,* No. 09 Civ. 6220, 2010 WL 2835545, at *4 (SDNY June 28, 2010). Moreover, "[a] motion to strike class allegations ... is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chenensky v. NY Life Ins. Co.,* 2011 WL 1795305, at *1 (SDNY Apr. 27, 2011) (quoting *Ironforge.com v. Paychex, Inc.,* 747 F.Supp.2d 384, 404 (WDNY 2010)). Thus, unless a motion to strike class allegations "addresses issues separate and apart from the issues that will be decided on a class certification motion," the motion should be denied as premature. *Chen-Oster v. Goldman, Sachs & Co.,* 877 F.Supp.2d 113, 117 (SDNY 2012) "Accordingly, district courts in this circuit have frequently found that a determination of whether the Rule 23 requirements are met is more properly deferred to the class certification stage, when a more complete factual record can aid the court in making this determination." *Mazzola v. Roomster Corp.,* 849 F.Supp.2d 395, 410 (SDNY 2012).

Here, the complaint alleges that Seventh Generation falsely advertises to consumers – *i.e.*, the class members – that Seventh Generation's products are natural, safe, non-toxic and hypoallergenic, manufactured and sold with natural ingredients, inducing consumers to purchase its products, at a substantial premium, in reliance upon such misrepresentations. In point of fact, however, its products contain synthetic ingredients, toxins and allergens. (See, e.g., ¶39 *et seq.*).

It is further alleged that these practices violate the consumer protection statutes of New York and the other states. (Complaint, ¶4). Defendant Seventh Generation has failed to even try to show that the plaintiff cannot possibly prove this. Indeed, after discovery, the plaintiff will show that Seventh Generation's practices violate the consumer protection statutes of each of the states, and may seek leave to amend the complaint accordingly. That is, after the number of sales and amount of revenue earned in each state is established through the discovery process, the plaintiff may separately allege the damages caused to the consumers of each state, under each of such statutory provisions  (see Point II, *infra*), and related provisions, if applicable.

Defendant Seventh Generation's motion to strike the plaintiff's class allegations is premature. A determination of class certification issues will depend on the discovery in the case. The motion to strike the class allegations should await a decision on class certification, when the court would have the benefit of a full factual record and can better assess the defendant's arguments and the plaintiff's responses. The issues raised by the defendant in its motion to strike the class allegations are the same issues that will be addressed in the class certification motion, including adequacy, commonality, predominance, and superiority. As a leading treatise on class action litigation noted, "if the viability of a class depends on factual matters that must be developed through discovery, a motion to strike will be denied pending the full-blown certification motion." 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3.4 (7th ed.2010). Since the defendant has not answered and there has been no opportunity to conduct discovery or to file a motion for class certification, it is premature to even consider the issue of adequacy. See *Chenensky v. New York Life Ins. Co.*, No. 07 CIV. 11504 WHP, 2011 WL 1795305, at *1-4 (SDNY Apr. 27, 2011)) "The court noted that the plaintiff had not yet sought to

certify any particular class and so any inquiry into whether he is in fact an adequate representative for that class is premature."

Here, plaintiff Rapoport-Hecht's complaint properly and sufficiently states causes of action of deceptive trade practices, common law fraud and intentional misrepresentations, unjust enrichment, and for equitable and injunctive relief. Consumers throughout the country have paid substantial premiums to the defendant, as a result of its fraudulent and improper marketing and sales practices. Discovery will provide additional information concerning Seventh Generation's deceptive business practices. The court should afford the plaintiffs an opportunity, through the discovery process, to obtain such additional information.

**Point II:       Plaintiff Has Made the Requisite Allegations.**

In the light of the standards set forth above, let us see if the boxes have been checked, so to speak, in this case:

|   | **Requisite Elements for Class Certification** | **Alleged at:** |
|---|---|---|
| 1. | The class is so numerous that joinder of all members is impracticable. | ¶47 |
| 2. | There are questions of law and fact common to the class. | ¶¶4,48 |
| 3. | The claims or defenses of the representative parties are typical of those of the class. | ¶49 |
| 4. | The representative parties will fairly and adequately protect the interests of the class. | ¶50 |

**1.       Numerosity**

Seventh Generation has ***not*** contended that there are so few purchasers of its products that the first element is impossible to satisfy. It cannot (and has not even tried to) demonstrate that it would be impossible to satisfy this element. At this juncture, when the allegations must be taken as true, the court is constrained to accept that the "Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers

5

who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices." (Complaint, ¶47)

### 2.  Common Questions of Law and Fact

While Second Generation maintains that there are different questions of law and fact, its argument is that each state's laws are so materially different that there cannot be nationwide class certification. However, Seventh Generation cannot show, from the face of the complaint, that the plaintiff could not possibly satisfy this element. Indeed, plaintiff Rapoport-Hecht submits that Seventh Generation's marketing and sales practices are the same throughout the country, as it markets directly to consumers on its website www.seventhgeneration.com, and distributes its products for retail sale to nationwide retailers such as Walgreens, Walmart, Target, Amazon.com, Bed Bath & Beyond, and Whole Foods.  (Complaint, ¶4). Moreover, it is alleged, as a common question, "[w]hether Seventh Generation is responsible for the conduct alleged herein *which was uniformly directed at all consumers who purchased the Products*…." (Complaint, ¶48.a) (emphasis added).  In *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125 (S.D.N.Y. 2014), the court rejected the same argument advanced by defendant in the case at bar, and explained that "the specter of having to apply different substantive laws does not necessarily warrant refusing to certify a class."  Further, "a claim can implicate common issues and be litigated collectively, despite the existence of state law variations, so long as the elements of the claim . . . are substantially similar and any differences fall into a limited number of predictable patterns which can be readily handled by special interrogatories or special verdict forms." Id. (internal cites omitted).  Thus, the defendant cannot meet its virtually "impossible" burden at this juncture, because it cannot be shown, from the face of the complaint, that there are different facts as to each consumer or the consumers of each state.

### 3.    Typicality

Plaintiff Rapoport-Hecht's claims are typical of the class, in that the consumers who are

the class members, like the plaintiff, purchased the products that were falsely held out as natural,

safe, non-toxic and hypoallergenic. Rather, since the plaintiff is opposing the defendant's

motion, it should suffice to say that the defendant has failed to meet its virtually impossible

burden of demonstrating, from the face of the complaint, that the plaintiff will be unable to

satisfy the allegation, which must be taken as true, that, "… Plaintiff's claims are typical of the

claims of each Class Member, in that every member of the Class was susceptible to the same

deceptive, misleading conduct and purchased the Seventh Generation Products. Plaintiff is

entitled to relief under the same causes of action as the other Class Members."  (Complaint,

¶49).).

### 4.    Adequacy of Representation

Defendant Seventh Generation has not even tried to make a showing that plaintiff

Rapoport-Hecht will not properly represent the interests of the class. Nor can it be shown, from

the face of the complaint, that it would be impossible for the plaintiff to make such a showing.

Thus, at this juncture, the court is constrained to accept as true the allegation that,

> Plaintiff is an adequate Class representative because her
> interests do not conflict with the interests of the Class Members
> she seeks to represent; her consumer fraud claims are common
> to all members of the Class and she has a strong interest in
> vindicating her rights; she has retained counsel competent and
> experienced in complex class action litigation and they intend to
> vigorously prosecute this action. Plaintiff has no interests which
> conflict with those of the Class. The Class Members' interests
> will be fairly and adequately protected by Plaintiff and her
> counsel. Seventh Generation has acted in a manner generally
> applicable to the Class, making relief appropriate with respect to
> Plaintiff and the Class Members. The prosecution of separate
> actions by individual Class Members would create a risk of
> inconsistent and varying adjudications. (Complaint, ¶50).

**Point III:**   **Pre-Discovery, there is no Basis for Dismissing the Class Allegations as to New York's General Business Law §§ 349 and 350.**

Consumers who purchased the products or viewed the defendant's website outside of New York are covered by the statute if there are adequate New York contacts. As the Court of Appeals explained in *Goshen v. Mutual Life Insurance*, 98 N.Y.2d 314, 325 (2002), "our General Business Law analysis does not turn on the residency of the parties" and "it is not intended to function as a *per se* bar to out-of-state plaintiffs' claims of deceptive acts leading to transactions within the state." In the thirteen years since *Goshen* was decided, New York courts have regularly allowed recovery on behalf of out-of-state consumers if there is some connection to New York. See *In re People v. Telehublink Corp.*, 301 A.D.2d 1006 (3d Dep't 2003) (out-of-state corporation used a New York address to send and receive mail relating to its fraudulent sales activity); *People v. H&R Block*, 58 A.D.3d 415, 417 (1st Dep't 2009) (New York's vital interest in securing an honest marketplace was threatened when defendants used a New York business to complete the deceptive transactions at issue); *People v Nat'l Home Prot., Inc.*, 2009 N.Y. Misc. LEXIS 3667, at *8-9 (N.Y. Sup. Ct. Dec. 8, 2009) ("at least some part" of the deceptive acts took place in New York and is therefore sufficient for out-of-state recovery). There has yet to be any discovery, and it would therefore be premature to hold that the plaintiff will be unable to make the requisite showing that there were acts taken in New York that warrants the application of GBL §§ 349 and 350 in favor of out-of-state consumers.  In any event, at a minimum, Plaintiff would be entitled to maintain a New York class.

Indeed, it is well established that plaintiffs are entitled to pre-certification discovery to establish the prerequisites for class certification. *Chimenti v. American Express*, 97 A.D.2d 351 (1st Dep't 1983); *Meraner v. Albany Med. Ctr.*, 199 A.D.2d 740 (3d Dep't 1993); *Scott v.*

8

*Prudential Ins.*, 112 A.D.2d 714 (4th Dep't 1985). Here, discovery will uncover whether, *inter alia*, defendant's website (which, as the complaint asserts, contains material misrepresentations) is hosted, administered, designed, or maintained in New York. Similarly, discovery will uncover whether, *inter alia*, the product labeling was designed in New York and whether the defendant used or has used New York businesses, addresses, or operations in connection with its misrepresentations and deceptive practices.

To state a cause of action under NY GBL §349, a plaintiff must plead that (1) the defendant's conduct was consumer-oriented; (2) the defendant engaged in a materially deceptive and misleading act; and (3) plaintiff was injured by the defendant's act. *Altman v. Bayer Corp*., 125 F. Supp. 2d 666, 673 (SDNY 2000). There is no dispute that defendant's conduct was consumer-oriented. Rather, defendant Seventh Generation asserts, in sum, that there are insufficient allegations for GBL § 349 (and § 350) to apply extraterritorially. The argument that New York's statutes cannot protect out-of-state purchasers who were deceived by Seventh Generation's deceptive marketing is premature, inasmuch as there has yet to be discovery as to the degree, if any, that Seventh Generation used New York to facilitate its deceptive marketing scheme.

**Point IV:       Analogous Statutes in the Other States Also Provide
                  Remedies for Deceptive Marketing Practices.**

Analogous statutes in the other forty-nine states (and the District of Columbia) apply, and the complaint may ultimately be amended accordingly to allege violations of such statutes after disclosure by the defendant of the volume of sales in the other states[1]. Each of the states have

---

[1] Nevertheless, at a minimum Plaintiff's Complaint allows for the certification of a New York class.

statutes that provide remedies for deceptive marketing practices, and the complaint may

therefore be amended in due course to allege violations of the other states' deceptive-practices

statutes. See *Farinella v. PayPal, Inc.*, 611 F. Supp.2d 250, 263 (EDNY 2009). In that case, the

district court stated: (emphasis added)

> Here, while some of the class members accepted PayPal's User
> Agreement in New York, most of them accepted it in another state.
> ***The plaintiffs might have overcome this hurdle by alleging***
> ***violations of the deceptive trade practice statutes of various states***
> (in addition to § 349) in the Complaint, but they failed to do so.
> *Cassese v. Washington Mutual, Inc.*, 255 F.R.D. 89, 97-98 (EDNY
> 2008) ("potential variations among state consumer protection
> statutes do not preclude certification .... even if a substantial
> variation ... were to arise, the Court may employ subclasses or
> decertify those state law subclasses whose adjudication becomes
> unmanageable") (internal citations omitted); contra *In re Grand*
> *Theft Auto*, 251 F.R.D. 139, 154 (SDNY 2008) ("because reliance
> is an element of consumer fraud in some states, the alleged
> uniformity of the defendants' fraudulent conduct is insufficient, on
> its own, to justify a finding of predominance") (citing *McLaughlin*,
> 522 F.3d at 223) (internal citations omitted).

This is to say, after discovery, the complaint herein may be amended to allege violations

of these statutes:

1. Alabama Deceptive Trade Practices Act, Ala.Stat.Ann. §§ 8-19-1, *et seq.*
2. Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Code §§ 45.50.471, *et seq.*
3. Arizona Consumer Fraud Act, Arizona Revised Statutes, §§ 44-1521, *et seq.*
4. Arkansas Deceptive Trade Practices Act, Ark. Code §§ 4-88-101, *et seq.*
5. California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200, *et seq.*
6. Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.*
7. Connecticut Unfair Trade Practices Act, Conn. Gen. Stat §§ 42-110a, *et seq.*
8. Delaware Deceptive Trade Practices Act, 6 Del. Code §§ 2511, *et seq.*;
9. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28 3901, *et seq.*
10. Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.*
11. Georgia Fair Business Practices Act, §§ 10-1-390 *et seq.*
12. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statues §§ 480 1, *et seq.*, and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statutes §§ 481A-1, *et seq.*
13. Idaho Consumer Protection Act, Idaho Code §§ 48-601, *et seq.*
14. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

15. Indiana Deceptive Consumer Sales Act, Indiana Code Ann. §§ 24-5-0.5-0.1, *et seq.*
16. Iowa Consumer Fraud Act, Iowa Code §§ 714.16, *et seq.*
17. Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50 626, *et seq.*
18. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110 *et seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann §§ 365.020, *et seq.*
19. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et seq.*
20. Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. §§ 205A, et seq,, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, §§ 1211, *et seq.*
21. Maryland Consumer Protection Act, Md. Com. Law Code §§ 13-101, *et seq.*
22. Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A.
23. Michigan Consumer Protection Act, §§ 445.901, *et seq.*
24. Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325E68, *et seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43, *et seq.*
25. Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1, *et seq.*
26. Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, *et seq.*
27. Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code §§ 30-14-101, *et seq.*
28. Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59 1601, *et seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301, *et seq.*
29. Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq.*
30. New Hampshire Consumer Protection Act, N.H. Rev. Stat. §§ 358-A:1, *et seq.*
31. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et seq.*
32. New Mexico Unfair Practices Act, N.M. Stat. Ann. 57 12 1, *et seq.*
33. New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law §§ 349, *et seq.*
34. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et seq.*
35. North Carolina Unfair and Deceptive Trade Practices Act, North Carolina General Statutes §§ 75-1, *et seq.*
36. Ohio Deceptive Trade Practices Act, Ohio Rev. Code. Ann. §§ 4165.01. *et seq.*
37. Oklahoma Consumer Protection Act, Okla. Stat. §§ 15 751, *et seq.*
38. Oregon Unfair Trade Practices Act, Rev. Stat. §§ 646.605, *et seq.*
39. Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Penn. Stat. Ann. §§ 201-1, *et seq.*
40. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws §§ 6-13.1-1, *et seq.*
41. South Carolina Unfair Trade Practices Act, S.C. Code Laws §§ 39-5-10, *et seq.*
42. South Dakota Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 I, *et seq.*
43. Tennessee Trade Practices Act, Tennessee Code Annotated §§ 47-25-101, *et seq.*
44. Texas Stat. Ann. §§ 17.41, *et seq.*, Texas Deceptive Trade Practices Act.
45. Utah Unfair Practices Act, Utah Code Ann. §§ 13-5-1, *et seq.*
46. Vermont Consumer Fraud Act, Vt. Stat. Ann. Title 9, §§ 2451, *et seq.*
47. Virginia Consumer Protection Act, Virginia Code Ann. §§ 59.1-196, *et seq.*
48. Washington Consumer Fraud Act, Wash. Rev. Code §§ 19.86.010, *et seq.*
49. West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-6- 101, *et seq.*

50. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100. 18, *et seq.*

51. Wyoming Consumer Protection Act, Wyoming Stat. Ann. §§ 40-12-101, *et seq.*

Defendant Seventh Generation does not deny that in all of the states, the allegations in the complaint state viable common-law misrepresentation claims.[2] These common-law claims have superimposed upon them statutory deceptive-practices causes of action, under the above-cited statutes, which make statutory damages recoverable.[3] It is nonetheless urged by defendant Seventh Generation that there should not be nationwide class certification in this case because (1) some states' consumer protection statutes require reliance, and others do not, (2) some states require a showing of an ascertainable loss of money or property, and others do not, and (3) some states require a showing of scienter, and others do not.  However, as noted in *Farinella v. PayPal,* supra, variations in the laws of the different states do not preclude class certification. Given defendant's uniform misrepresentations to customers, the case *sub judice* is precisely the type of case that is appropriate for certification.

Moreover, defendant Seventh Generation has common-law duties – with superimposed statutory remedies – in each of the states to not misrepresent its products attributes, and to correct the misinformation it disseminated through its advertising of the products. Thus, by not informing plaintiff Rapoport-Hecht and the members of the class that defendant Seventh Generation's products are not natural, safe, non-toxic and hypoallergenic, the defendant has

---

[2] Accordingly, there would be no prejudice to the defendant if the complaint is amended to specifically reference the above state statutes.

[3] As the sole manufacturer of its products, defendant Seventh Generation is in the unique position of being able to provide accurate information. Therefore, there is a special privity-like relationship between the defendant and the plaintiff and other consumers. See *Ebin v. Kangadis*, 297 F.R.D. 561 (SDNY March 24, 2014) (granting class certification on negligent misrepresentation claim where plaintiffs purchased olive oil with misrepresentations in a commercial transaction).

breached not only its common-law duty to consumers in all of the fifty states, but also violated the above statutes, warranting (as will be demonstrated after discovery) the imposition of remedies available under such statutes.

Defendant Seventh Generation has also gained financially from and as a result of this breach, in that it charges a premium for its products, based upon the false representations that they are natural, safe, non-toxic and hypoallergenic, and used such misrepresentations to induce the plaintiff and other class members to alter their position to their detriment. That is, the plaintiff and the other class members relied upon defendant's representations to their detriment, in that they overpaid for the defendant's products. And, as a direct and proximate result of defendant's wrongful conduct, the plaintiff and the other class members have suffered and will continue to suffer economic losses, as well as potential physical injury, in the form of adverse reactions to the toxins and allergens in defendant Seventh Generation's products.

**Point V:      The Variations in the Different States' Laws will not
                Make the Case Unmanageable.**

While defendant Seventh Generation posits that class certification will make this case unmanageable, pre-certification discovery has yet to be conducted, nor has the defendant demonstrated, from the face of the complaint, that it would be impossible for the plaintiff to make the requisite showing to support class certification.

**Point VI      The Prayer for Injunctive Relief May Not Be Dismissed.**

Defendant Seventh Generation has moved to dismiss the class allegations with respect to the claim injunctive relief. The argument, however, is entirely academic, for if plaintiff Rapoport-Hecht, even if only in her individual capacity, succeeds in obtaining a permanent injunction barring defendant's deceptive trade practices, it will put an end to them. Whether she is acting in an individual capacity or as a class representative, the result will be the same,

because General Business Law § 349 authorizes consumers to take action to obtain injunctive relief. Here, the relief, if the allegations are proved true, would likely include an order prohibiting the defendant from engaging in the same deceptive practices.

Further, as explained in *Ackerman v. Coca-Cola Co.*, 2013 U.S. Dist. LEXIS 184232, 56 (E.D.N.Y. July 17, 2013), "courts have consistently held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer. To hold otherwise would effectively bar any consumer who avoids the offending product from seeking injunctive relief."

FRCP 23(b) (2) provides that a class action may be maintained if, in addition to the four elements of Rule 23(a) being satisfied, the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class a whole. Here, the defendant's misrepresentations that its products are natural, non-toxic and hypoallergenic must be stopped. Plaintiff Rapoport-Hecht is requesting injunctive relief to put an end to such deceptive business practices. Certification of that FRCP 23(b)(2) class will be shown to be proper . In addition, GBL §349 (h) expressly authorizes such an injunction to be obtained by an individual plaintiff.

**Conclusion**

For all the foregoing reasons, defendant Seventh Generation's motion must be denied.

Dated: June 19, 2015

The Sultzer Law Group, P.C

Joseph Lipari /s/

By:_____

Joseph Lipari, Esq. (Bar ID #: JL3194)
Jason P. Sultzer, Esq. (Bar ID #: JS4546)
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY
Tel: (845) 483-7100
Fax: (888) 749-7747
liparij@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*

15