UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TZIVA RAPOPORT-HECHT, individually on    )    14-CIV-9087 (KMK)
behalf of herself and all others similarly    )
situated,    )
    )
                            Plaintiff,    )
    )
v.    )
    )
SEVENTH GENERATION, INC.    )
    )
                            Defendant.    )
-----------------------------------------------------------------x

### DEFENDANT SEVENTH GENERATION'S REPLY IN SUPPORT OF
### MOTION TO STRIKE CLASS ALLEGATIONS (Fed. R. Civ. Proc. 23(d)(1)(D))

Daniel J. Herling (admitted *pro hac vice*)
djherling@mintz.com
Michelle Gillette (admitted *pro hac vice*)
mgillette@mintz.com
Joshua Thomas Foust (JF7049)
jtfoust@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone: (415) 432-6000
Facsimile:  (415) 432-6001

Francis J. Earley
fjearley@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
Chrysler Center
666 Third Avenue
New York, New York 10017
Telephone: (212) 935-3000
Facsimile:  (212) 983-3115

Attorneys for Defendant
SEVENTH GENERATION, INC.

Defendant Seventh Generation, Inc. respectfully submits this Reply in response to Plaintiff's Opposition [ECF No. 29] to Defendant's Motion to Strike Plaintiff's Nationwide Class Allegations [ECF No. 25] pursuant to Fed. R. Civ. P. 23(d)(1)(D).

## ARGUMENT

### I. The Motion Is Not Premature Because It Does Not Depend on Further Class Discovery

Plaintiff cannot establish that the Motion is "premature" because it turns entirely on legal, not factual, issues. As even the Opposition concedes, this Court may "grant Defendant['s] motion [to strike] at [the pleading] stage" if Defendant "demonstrate[s] from the face of the Complaint that it would be impossible to certify the alleged class regardless of the facts Plaintiffs may be able to obtain during discovery"—precisely what the Motion to Strike argues. *See* Opp. at 2 (quoting *Mayfield v. Asta Funding, Inc.*, No. 14-CV-2591, 2015 U.S. Dist. LEXIS 43236, at *18 (S.D.N.Y. Mar. 31, 2015)); *see also* Def.'s Mem. of Law at 2-3. Indeed, courts in this circuit have routinely recognized that, when "[p]laintiffs' class allegations fail as a matter of law," judges are "obligated to address [the] issue because 'when a claim cannot succeed as a matter of law, the Court should not certify a class on the issue.'" *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012) (quoting *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 228 (2d Cir. 2008)). Further, a "motion to strike that addresses issues 'separate and apart from the issues that will be decided on a class certification motion' is not procedurally premature." *Chen-Oster*, 877 F. Supp. 2d at 117 (quoting *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2008 U.S. Dist. LEXIS 2931 (S.D.N.Y. Jan. 16, 2008)).

While Plaintiff devotes much of her opposition to examining the class certification factors under Federal Rule of Civil Procedure 23, the Motion itself does not undertake the

1

certification analysis prematurely.  Seventh Generation has identified four discrete issues of law that, *on the face of the Complaint*, defeat Plaintiff's request for a nationwide class irrespective of class discovery:  (1) Sections 349 and 350 of New York's General Business Law do not apply to class members who purchased Seventh Generation products outside New York, *see* Def.'s Mem. of Law at 4-8; (2) New York's choice-of-law rules prevent Plaintiff from bringing claims on behalf of class members who purchased the products outside New York, *see id.* at 8-12; (3) variations among other state laws preclude nationwide class treatment as a matter of law, *see id.* at 18; and (4) Plaintiff has not pled that she faces a risk of immediate future injury sufficient to represent an injunctive relief class, *id.* at 19.

Each of these arguments turns on allegations pled in the Complaint; none requires further class discovery.  The Opposition does not identify any specific facts that Plaintiff needs in order to oppose Defendant's arguments: further discovery will not change the fact that Plaintiff seeks to certify a class containing members who purchased products outside New York, *see* Compl. ¶ 45, nor that New York's GBL and choice-of-law rules prevent such class members from recovering under New York law.  *See* Def.'s Mem. of Law at 4-11.  And as Plaintiff herself admits, the operative version of the Complaint does not seek to recover under any other state laws or statutes; the Opposition asserts that "after discovery, the complaint herein *may be* amended to allege violations of [other state consumer protection] statutes," but the instant Complaint only proceeds under New York law.  *See* Opp. at 9-10 (emphasis added).  In short, the purely legal nature of these issues sets this case apart from the decisions cited in the Opposition, each of which turned on contested factual questions requiring class discovery.  *See Mayfield*, 2015 U.S. Dist. LEXIS 43236, at *18 (denying motion to strike class allegations based on contested factual issues as to class members' contractual relationship with defendant); *Mazzola*

*v. Roomster Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012) (denying motion to strike class allegations that "depend[ed] in part upon the outcome of discovery as to the plaintiff's allegations about cancellation and damages"); *Chenensky v. N.Y. Life Ins. Co.*, No. 07 Civ. 11504, 2011 U.S. Dist. LEXIS 48199, at *10 (S.D.N.Y. Apr. 27, 2011) (denying motion to strike class allegations as premature where Rule 23 analysis would require "findings of fact" regarding class members' contractual relationships with defendant).

## II.   The Variations Among the Applicable State Laws Are Too Substantial to Permit Class Treatment as a Matter of Law

Plaintiff contends that the variations among the state laws potentially applicable to the class claims "do not necessarily" prevent class certification, but without making any effort to explain how the specific conflicts identified by Defendant are manageable or immaterial. *See* Opp. at 6, 10-11. As argued at greater length in the Motion, New York conflicts law dictates that each class member's claim be resolved under the specific law of the state in which she or he purchased Seventh Generation products. *See* Def.'s Mem. of Law at 8-12. In this case, the variations among the applicable consumer protection laws—which relate to key elements such as individual reliance, scienter, and privity, among others—are so material as to raise serious conflicts that defy class treatment. *See id.* at 12-18. Indeed, the Southern District rejected nationwide class claims on nearly identical grounds in *In re Grand Theft Auto Video Game Consumer Litigation*, finding that the differences among the applicable state laws—including state consumer protection statutes, warranty laws, and doctrines of unjust enrichment—precluded class certification. 251 F.R.D. 139, 154 (S.D.N.Y. 2008); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 947 (6th Cir. 2011) (rejecting nationwide class claims at pleading stage based on material variations among applicable state laws).

3

In each of the cases cited in the Opposition, by contrast, the relevant state laws were far more similar—and the variations more manageable—than those at issue here. In *Farinella v. PayPal, Inc.*, for example, the Eastern District found that the plaintiffs' multistate class claims raised only minor "differences in state contract law [that did] not defeat the predominance prong." 611 F. Supp. 2d 250, 263 (E.D.N.Y. 2009) (citing *In re Nigeria Charter Flights Contract Litig.*, 233 F.R.D. 297, 305 (E.D.N.Y. 2006) ("[T]here is often little variation between the basic common law of the states.")). Similarly, in *Rodriguez v. It's Just Lunch, International*, the court rejected the defendants' argument that "a *single difference* in the state laws governing plaintiffs' fraud claims [was] fatal to plaintiffs' ability to demonstrate predominance of common questions over individual ones." 300 F.R.D. 125, 140 (S.D.N.Y. 2014) (emphasis added). The situation here is far different, as states have adopted materially different statutory regimes for addressing claims of consumer fraud and breach of warranty. *See* Gillette Decl., Ex. B.; Def.'s Mem. of Law at 16-18.

### III. Plaintiff Cannot, as a Matter of Law, Bring Claims Under GBL Sections 349 and 350 on Behalf of Class Members Injured Outside New York

No discovery is necessary to establish that Plaintiff's claims under Section 349 and 350 fail as a matter of law as to class members who, according to the Complaint, purchased Seventh Generation products outside New York. As explained in the Motion, the Court of Appeals' decision in *Goshen v. Mutual Life Insurance Co.* bars Plaintiff from bringing claims under Sections 349 and 350 based on transactions that did not "occur in New York"—for example, purchases of allegedly mislabeled products that took place in other states. 98 N.Y.2d 314, 324-25 (2002); *see also* Def.'s Mem. of Law at 4-6. Here, on the face of the Complaint, each class member who purchased mislabeled Seventh Generation products in a state other than New York was, by definition, injured by a transaction occurring outside New York. *See, e.g.*, *In re Frito-*

4

*Lay N. Am., Inc.*, No. 12-MD-2413 (RRM) (RLM), 2013 U.S. Dist. LEXIS 123824, at \*59 (E.D.N.Y. Aug. 29, 2013) (dismissing class claims under GBL sections 349 and 350 "to the extent . . . brought by and on behalf of non-New York plaintiffs and putative class members"). This defeats Plaintiff's nationwide class claims as a matter of law under *Goshen*. *See* Def.'s Mem. of Law at 4-6.

Plaintiff argues that she is entitled to further discovery into Seventh Generation's "New York contacts," but such contacts, if any, are insufficient here *as a matter of law* to sustain claims on behalf of consumers injured *outside* New York, as pled in the Complaint. *See Goshen*, 98 N.Y.2d at 325 ("The phrase 'deceptive acts or practices' under the statute is not the mere invention of a scheme or marketing strategy, but *the actual misrepresentation or omission to a consumer*.") (emphasis added); *accord Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781, 800 & n.134 (S.D.N.Y. 2011) ("To the extent that plaintiffs allege that they were injured [outside New York] by allegedly deceptive practices devised or originating in New York, plaintiffs' claim under section 349 also fails."). Indeed, several decisions have granted motions to dismiss or struck nationwide class allegations on precisely this basis. *See, e.g.*, *Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. Appx. 5, 7 (2d Cir. 2012); *In re Frito-Lay N. Am.*, 2013 U.S. Dist. LEXIS 123824, at \*58-59; *Szymczak v. Nissan North America, Inc.*, No. 10 CV 7493 (VB), 2011 U.S. Dist. LEXIS 153011, at \*36-37 (S.D.N.Y. Dec. 16, 2011). The Opposition further asserts that "New York courts have regularly allowed recovery on behalf of out-of-state consumers if there is some connection to New York," *see* Opp. at 8; as explained in the Motion, however, these decisions are distinguishable and inapplicable here, not least because each was a case brought by the New York Attorney General to secure "an honest marketplace" in New York specifically. *See* Def.'s Mem. of Law at 7-8. Plaintiff has made no attempt to argue otherwise. Plaintiff's

nationwide class claims under Sections 349 and 350 are thus untenable, with or without further discovery.

### IV.     Plaintiff Lacks Article III Standing to Represent an Injunctive Relief Class

The Opposition does not even attempt to explain how Plaintiff herself faces an "immediate threat of further injury," as required for Article III standing, when she has not pled that she intends to purchase the products again now that she is aware of their alleged mislabeling. *See* Opp. at 13-14.  Plaintiff instead cites the Eastern District's decision in *Ackerman v. Coca-Cola Co.* for the general proposition that "courts have consistently held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer."  No. 09 CV 395 (DLI) (RML), 2013 U.S. Dist. LEXIS 184232, at *57-58 (E.D.N.Y. July 18, 2013) (collecting decisions from California federal courts).

Plaintiff ignores, however, that these "courts *do* require plaintiffs to express an intent to purchase the products in the future," at a minimum, to establish Article III standing for injunctive relief.  *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 U.S. Dist. LEXIS 81292, at *46 (N.D. Cal. June 13, 2014) (collecting cases) (emphasis added).  "[T]here is no way around the principle that a plaintiff must establish a 'real and immediate threat of repeated injury' to establish standing for injunctive relief" under Article III.  *Id.* at *47.  Yet the Complaint nowhere alleges that Plaintiff intends to purchase the products again; in fact, it suggests exactly the opposite, claiming she "was shocked and disappointed to learn of Seventh Generation's deceptive marketing practices."  *See* Compl. ¶ 35.  As Plaintiff has failed to allege that she faces any risk of further injury, her bid to represent an injunctive relief class is untenable under Article III, and the Complaint's Rule 23(b)(2) class allegations fail as a matter of law.  *See Chen Oster*,

6

877 F. Supp. 2d at 122 (denying request for Rule 23(b)(2) certification as a matter of law where named plaintiff lacked standing to seek injunctive relief).

To the extent *Ackerman* suggests otherwise, the decision is in tension with established Supreme Court jurisprudence on Article III standing. In *Ackerman*, the Eastern District reasoned that the ongoing deception of consumers generally—not just the named plaintiff—was "the harm that [state] consumer protection statutes are designed to redress." 2013 U.S. Dist. LEXIS 1843232, at *60. The court thus grounded its holding essentially on state law policy grounds: denying Article III standing to a consumer who had stopped purchasing a mislabeled product, it reasoned, "would 'effectively bar any consumer who avoids the offending product from seeking injunctive relief'" under those state statutes. *Id.* at 57 (quoting *Koehler v. Litehouse, Inc.*, No. 12 CV 04055, 2012 U.S. Dist. LEXIS 176971, at *6 (N.D. Cal. Dec. 13, 2012)).

More accurately, though, denying standing to such a consumer would only bar her from seeking injunctive relief under those statutes *in federal court*. And the Constitution specifically limits the power of *federal* courts, unlike their state counterparts, to hear disputes in which the plaintiff does not have an immediate individual stake. As the Supreme Court has explained:

> The Article III requirement that a party invoking the jurisdiction of a federal court seek relief for a personal, particularized injury serves vital interests going to the role of the Judiciary in our system of separated powers.… [S]tanding in federal court is a question of federal law, not state law. And no matter its reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled law to the contrary.

*Hollingsworth v. Perry*, 133 S.Ct. 2652, 2667 (2013); *accord City of Los Angeles v. Lyons*, 461 U.S. 95, 102 ("[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy.… The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' … and the injury or threat of injury must be both 'real and

7

immediate,' not conjectural or hypothetical.") (internal citations omitted); *see also Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-5222, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014) ("It may very well be that the legislative intent behind California's consumer protection statutes would be best served by enjoining deceptive labeling…. But the power of federal courts is limited, and that power does not expand to accommodate the policy objectives underlying state law.").

Recognizing this principle, other courts in this circuit have declined to follow *Ackerman*, instead finding that "a plaintiff lacks standing to seek injunctive relief if his injury is not ongoing and he faces no threat of future injury." *Nicosia v. Amazon.com, Inc.*, No. 14-cv-4513 (SLT) (MDG), 2015 U.S. Dist. LEXIS 13560, at *36-37 & n.10 (E.D.N.Y. Feb. 4, 2015) ("This Court declines to follow [*Ackerman*] because [*City of Los Angeles v. Lyons*] remains binding precedent.") (citing *Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010); *Robidoux v. Celani*, 987 F.2d 931, 938 (2d Cir. 1993)); *see also Tomasino v. Estee Lauder Companies Inc.*, No. 13-CV-4692 ERK JMA, 2014 U.S. Dist. LEXIS 119747, at *2-3 (E.D.N.Y. Aug. 26, 2014) (plaintiff failed to allege "a sufficient future injury to establish standing to assert her claims for injunctive relief" because she did not allege she was likely to purchase the products at issue again). Plaintiff's reliance on *Ackerman* thus does not change the ineluctable conclusion here: that she lacks Article III standing to seek injunctive relief on behalf of a Rule 23(b)(2) class.

## CONCLUSION

The Opposition repeatedly insists that further discovery is necessary to decide this Motion to strike Plaintiff's nationwide class allegations, but each of the arguments in the Motion turns on purely legal issues that this Court can and should decide at the pleading stage. Accordingly, for all the reasons set forth above and in its Memorandum of Law, Defendant

respectfully requests that this Court grant the Motion and strike the nationwide class allegations in the Complaint.

Respectfully submitted,
DATED: July 7, 2015

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By: _/s/ Joshua T. Foust_
Daniel J. Herling (admitted *pro hac vice*)
djherling@mintz.com
Michelle Gillette (admitted *pro hac vice*)
mgillette@mintz.com
Joshua T. Foust (JF7049)
jtfoust@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 432-6000
Facsimile: (415) 432-6001

Francis J. Earley
fjearley@mintz.com
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
Chrysler Center
666 Third Avenue
New York, NY 10017
Telephone: (212) 935-3000
Facsimile: (212) 983-3115

Counsel for Defendant