Karas, J. KY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZIVA RAPOPORT-HECHT, MAGGIE TSAN, and ERICA WILDSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEVENTH GENERATION, INC,<br><br>Defendant. | Case No. 7:14-CV-09087-KMK<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE PLAN, AND SCHEDULING DATE FOR FINAL FAIRNESS HEARING |

Upon consideration of Plaintiffs' Tziva Rapoport-Hecht, Maggie Tsan, and Erica Wildstein ("Plaintiffs") unopposed motion for preliminary approval, ~~the motion hearing before this Court on _____, 2016,~~ and the entire record herein, the Court grants preliminary approval to the Settlement contained in the parties' Settlement Agreement (ECF No. 48-1) upon the terms and conditions set forth in this Order. Capitalized terms and phrases in this Order shall have the same meaning as they have in the Settlement Agreement. The Court makes the following:

## FINDINGS OF FACT

1. Plaintiffs brought their unopposed motion for preliminary approval before the Court on July 1, 2016, with the consent of Seventh Generation, Inc. ("Defendant").

2. Plaintiff Rapoport-Hecht filed her complaint against Defendant on November 14, 2014 (the "Action") in the United States District Court for the Southern District of New York. On January 14, 2015, Plaintiff Tsan and Wildstein filed their complaint against Defendant in the United States District Court for the Northern District of California. *Tsan et al. v. Seventh Generation, Inc.*, Case No. 15-cv-00205-JST (N.D. Cal.) ("*Tsan* Lawsuit"). On July 1, 2016, Plaintiffs Tsan and Wildstein filed a stay in the *Tsan* Lawsuit, and on the same day Plaintiffs Rapoport-Hecht, Tsan, and Wildstein filed a consolidated amended complaint in the Action. (ECF No. 41.)

3. The Action alleges, on behalf of a nationwide class of consumers, that Defendant's labeling and marketing of its Products violated the California Consumers Legal Remedies Act, Civ. Code § 1750 *et seq.* (the "CLRA"), California False Advertising Law, Bus. & Prof. Code § 17500 *et seq.* (the "FAL"), California Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.* (the "UCL"), Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.

§§ 501.201, *et seq.* ("FDUTPA"), New York General Business Law § 349, New York General Business Law § 350, fraud under New York common law, and a breach of express and implied warranties.

4. The Parties represent they have conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the potential claims to determine the strength of both defenses and liability sought in the Action.

5. As part of that investigation, Plaintiffs' Counsel obtained extensive information and documents from Defendant through discovery, including examination of documents produced and responses to interrogatories, as well as a deposition of Defendant pursuant to Rule 30(b)(6).

6. Plaintiffs' Counsel asserts they investigated the ingredients in the Products, including the methods for producing each ingredient, as well as the overall composition of the Products. In addition, Plaintiffs' Counsel claims to have evaluated the various state consumer protection laws, as well as the legal landscape, to determine the strength of the claims, the likelihood of success, and the parameters within which courts have assessed settlements similar to the Proposed Settlement.

7. The Parties have entered into a Settlement Agreement in which the Parties have agreed to settle the Action, pursuant to the terms of the Settlement Agreement, subject to the approval and determination by the Court as to the fairness, reasonableness, and adequacy of the Settlement, which, if approved, will result in dismissal of the Action with prejudice; and the Court having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and having found good cause based on the record,

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

3

1. **Stay of the Action**. All non-settlement-related proceedings in the Action are hereby stayed and suspended until further order of the Court.

2. **Preliminary Class Certification for Settlement Purposes Only**. Having made the findings set forth above, the Court hereby preliminarily certifies a plaintiff class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), in accordance with the terms of the Settlement Agreement (the "Settlement Class"). The Court preliminarily finds, based on the terms of the Settlement described in the Settlement Agreement and for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are issues of law and fact that are typical and common to the Class, and that those issues predominate over individual questions; (c) a class action on behalf of the certified Class is superior to other available means of adjudicating this dispute; and (d) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Class. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. Defendant retains all rights to assert that the Action may not be certified as a class action, other than for settlement purposes.

3. **Class Definition**. The Settlement Class is defined as all persons and entities who, during the Class Period, both resided in the United States and purchased in the United States any of the SVG Products for their household use or personal consumption and not for resale. Excluded from the Settlement Class are: (a) SVG's board members or executive-level officers,

4

including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

"Class Period" means the period from November 14, 2010, up to and including the date of the Preliminary Approval Order.

The "Products" or "SVG Products" means Defendant's products as set forth in Exhibit E to the Settlement Agreement, purchased by Settlement Class Members during the Class Period, as well as any of the Defendant's products that are purchased in the future, provided that there is no substantial change in their formulation or Defendant's labeling, marketing or advertising of the Products that would be material to the claims resolved in the Settlement Agreement.

4. **Class Representatives and Class Counsel**. The Court appoints Michael R. Reese of Reese LLP; Melissa W. Wolchansky of Halunen Law; Jeffrey D. Kaliel of Tycko & Zavareei LLP and Jason Sultzer of The Sultzer Law Group as counsel for the Settlement Class. Tziva Rapoport-Hecht, Maggie Tsan, and Erica Wildstein are hereby appointed as Class Representatives.

5. **Preliminary Settlement Approval**. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as being within the range of possible approval as fair, reasonable, and adequate, within the meaning of Rule 23 and the Class Action Fairness Act of 2005, subject to final consideration at the Fairness Hearing provided for below. Accordingly, the Settlement Agreement is sufficient to warrant sending notice to the Class.

6. **Jurisdiction**. The Court has subject-matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. **Fairness Hearing**. A Fairness Hearing shall be held on January 26, 2017, at 2:00 P.m. at the United States District Court for the Southern District of New York, in Courtroom 521, in The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York, to determine, among other things: (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3); (b) whether the settlement of the Action should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) whether Settlement Class Members should be bound by the release set forth in the Settlement Agreement; (e) whether Settlement Class Members and related persons should be permanently enjoined from pursuing lawsuits based on the transactions and occurrences at issue in the Action; (f) whether the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses should be approved pursuant to Rule 23(h); and (g) whether the application of the named Plaintiffs for an Incentive Award should be approved. The submissions of the Parties in support of the Settlement, including Plaintiffs' Counsel's application for Attorneys' Fees and Expenses and Incentive Awards, shall be filed with the Court no later than fourteen (14) days prior to the deadline for the submission of objections and may be supplemented up to seven (7) days prior to the Fairness Hearing.

8. **Administration**. In consultation with, and with the approval of, Defendant, Class Counsel is hereby authorized to establish the means necessary to administer the Proposed Settlement and implement the Claim Process, in accordance with the terms of the Settlement Agreement.

6

9. **Class Notice**. The proposed Class Notice, Summary Settlement Notice, the notice methodology described in the Settlement Agreement and in the Declaration of the Notice Administrator are hereby approved.

    a. Pursuant to the Settlement Agreement, the Court appoints Angeion Group, to be the Notice Administrator and Settlement Administrator to help implement the terms of the Settlement Agreement.

    b. Not later than five (5) days after the entry of the Preliminary Approval Order, the Notice Administrator shall establish an Internet website, www.SVGClassAction.com, that will inform Settlement Class Members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information. The website shall include, in Portable Document Format ("PDF"), materials agreed upon by the Parties and as further ordered by this Court.

    c. Not later than five (5) days after the entry of the Preliminary Approval Order, the Notice Administrator shall establish a toll-free telephone number that will provide Settlement-related information to Settlement Class Members.

    d. Beginning not later than fourteen (14) days after the entry of the Preliminary Approval Order, and subject to the requirements of the Preliminary Approval Order, the Settlement Agreement, and the Declaration of the Notice Administrator, the Notice Administrator shall commence sending the Class Notice by U.S. mail to each reasonably identifiable Settlement Class Member's last known address, reasonably obtainable from Defendant, which addresses shall be provided to the Notice Administrator by Defendant, no later than one (1) business day after the day of entry of the Preliminary Approval Order, subject to the existence of such information. The Notice Administrator shall: (a) re-mail any Class Notices

returned by the U.S. Postal Service with a forwarding address that are received by the Notice Administrator within ten (10) days of receipt of the returned Class Notices that contain a forwarding address, and (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned Class Notices that do not include a forwarding address, research any such returned mail for better addresses and promptly mail copies of the Class Notices to the addresses so found.

   e. During the Claim Period, the Notice Administrator shall also publish the Summary Settlement Notice as described in the Declaration of the Notice Administrator and in such additional newspapers, magazines, and/or other media outlets as shall be agreed upon by the Parties.

   f. The Notice Administrator shall timely disseminate any remaining notice, as stated in the Settlement Agreement and/or the Affidavit of the Notice Administrator.

   g. Not later than ten (10) calendar days before the date of the Fairness Hearing, the Notice Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods, and results of the notice program; and (c) compliance with the obligation to give notice to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable statute, law or rule, including, but not limited to, the Due Process Clause of the United States Constitution.

  10. **Findings Concerning Notice**. The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement,

and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

11. **Exclusion from Settlement Class**. Any Settlement Class Member who wishes to be excluded from the Class may elect to opt out of the monetary portion of the Class Settlement, relinquishing his or her rights to monetary compensation under this Agreement. Settlement Class Members who opt out of the Settlement will not release their claims for damages that accrued during the Class Period. Settlement Class Members wishing to opt out of the Settlement must send to the Class Action Settlement Administrator by U.S. mail a personally signed letter including their name and address and providing a clear statement communicating that they elect to be excluded from the Settlement Class. Any request for exclusion or opt-out must be postmarked on or before the opt-out deadline specified in this Preliminary Approval Order. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and Defendant's Counsel. The Settlement Administrator shall file a list reflecting all requests for exclusion with the Court no later than ten (10) calendar days before the Fairness Hearing. Any

potential Settlement Class Member who does not file a timely written request for exclusion shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement, even if he or she has litigation pending or subsequently initiates litigation against Defendant relating to the claims and transactions released in this Action.

12. **Objections and Appearances**. A Settlement Class Member may object to the Agreement pursuant to Section 6.2 of the Agreement. A Settlement Class Member may object to the Agreement either on his or her own without an attorney, or through an attorney hired at his or her expense. Amy objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and SVG Counsel, at the addresses set forth in the Class Notice, no later than 30 days before the Fairness Hearing. Any objection shall contain a caption or title that identifies it as "Objection to Class Settlement in *Tziva Rapoport-Hecht, et al v. Seventh Generation, Inc.*, (S.D.N.Y. 14-CIV-9087-KMK).

13. Any objection shall contain information sufficient to identify and contact the objecting Settlement Class Member (or his or her individually-hired attorney, if any) as well as a clear and concise statement of the Settlement Class Member's objection, the facts supporting the objection, and the legal grounds on which the objection is based. Any objection shall include documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as (i) a declaration signed by the objector under penalty of perjury, with language similar to that included in the Claim Form, that the Settlement Class Member purchased at least one SVG Product during the Class Period; or (ii) receipt(s) reflecting such purchase(s).

14. Any Settlement Class Member filing an objection may be required to sit for deposition regarding the objection. Any Settlement Class Member who fails to comply with the provisions of this Order shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Settlement Agreement in the Action.

    a. Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed Settlement, the award of Attorneys' Fees and Expenses, or the Incentive Awards to Plaintiffs, must (i) file the objection with the Court, no later than [30 days before the Fairness Hearing] December 27, 2016 or as the Court may otherwise direct; and (ii) deliver a copy of the objection to the Class Counsel and Defendant's Counsel and to the Settlement Administrator identified in the Class Notice.

    b. Any Settlement Class Member, including Settlement Class Members who file and serve a written objection, as described above, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement Agreement or proposed Settlement, or to the award of Attorneys' Fees and Expenses or the Incentive Awards to the Plaintiffs. Settlement Class Members who intend to make an appearance at the Fairness Hearing must file a Notice of Intention to Appear with the Court, listing the name, address and phone number of the attorney, if any who will appear, no later than fifteen (15) days before the Fairness Hearing, January 11, 2017, or as the Court may otherwise direct.

c. Class Counsel and Defendant shall have the right to respond to any objection no later than seven (7) days prior to the Fairness Hearing, January 19, 2017 or as the Court may otherwise direct. The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually-hired attorney for the objecting Settlement Class Member; to all Class Counsel; and to Defendant's Counsel.

15. **Disclosures.** The Settlement Administrator, Defendant's Counsel, and Class Counsel shall promptly furnish to each other copies of any and all objections or written requests for exclusion that might come into their possession.

16. **Termination of Settlement**. This Order shall become null and void and shall not prejudice the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; (b) the Settlement is terminated in accordance with the Settlement Agreement; or (c) the Settlement does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose.

17. **Nationwide Stay and Preliminary Injunction**. Effective immediately, any actions or proceedings pending in any state or federal court in the United States involving Defendant's Products, except any matters necessary to implement, advance, or further approval

12

of the Settlement Agreement or settlement process, are stayed pending the final Fairness Hearing and the issuance of a final order and judgment in this Action.

In addition, pending the final Fairness Hearing and the issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction arising out of or relating to the Products or the facts and circumstances at issue in the Action.

Also, pending the final Fairness Hearing and issuance of a final order and judgment in this Action, all members of the Settlement Class and their legally authorized representatives are hereby preliminary enjoined from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction), on behalf of members of the Settlement Class, if such other class action is based on or relates to Defendant's Products.

Under the All Writs Act, the Court finds that issuance of this nationwide stay and injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

18.     **Effect of Settlement Agreement and Order**. Plaintiffs' Counsel, on behalf of the Settlement Class, and Defendant entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission,

13

concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. The Settlement Agreement, the documents relating to the Settlement Agreement, and this Order are not, and should not in any event be (a) construed, deemed, offered or received as evidence of a presumption, concession or admission on the part of Plaintiffs, Defendant, any member of the Settlement Class or any other person; or (b) offered or received as evidence of a presumption, concession or admission by any person of any liability, fault, or wrongdoing, or that the claims in the Action lack merit or that the relief requested is inappropriate, improper, or unavailable for any purpose in any judicial or administrative proceeding, whether in law or in equity.

19. **Retaining Jurisdiction**. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Class.

20. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing without further written notice.

21. The Court sets the following schedule for the Fairness Hearing and the actions which must precede it:

    a. Plaintiffs shall file their Motion for Final Approval of the Settlement by no later than [44 days before Fairness Hearing] __December 13, 2016__.

    b. Plaintiffs shall file their Motion for Attorneys' Fees, Costs and Expenses, and Motion for Incentive Awards by no later than [44 days before Fairness Hearing] __December 13, 2016__.

    c. Settlement Class Members must file any objections to the Settlement and the Motion for Attorneys' Fees, Costs, and Expenses, and/or the Motion for Incentive Awards by no later than [30 days before Fairness Hearing] __December 27, 2016__

14

d. Settlement Class Members must exclude themselves, or opt-out, from the Settlement by no later than [30 days before Fairness Hearing] <u>December 27, 2016</u>.

e. Settlement Class Members who intend to appear at the Final Fairness Hearing must file a Notice of Intention to Appear at the Final Fairness Hearing by no later than [15 days before Fairness Hearing] <u>January 11, 2017</u>.

f. The Notice Administrator shall file: (a) a list of those persons who have opted out or excluded themselves from the Settlement; (b) the details outlining the scope, methods, and results of the notice program; and (c) compliance with the obligation to give notice to each appropriate State and Federal official, as specified in 28 U.S.C. § 1715, and any other applicable statute, law or rule, including, but not limited to, the Due Process Clause of the United States Constitution by no later than [10 days before Fairness Hearing] <u>January 16, 2017</u>.

g. Class Counsel and Defendant shall have the right to respond to any objection no later than [seven (7) days prior to the Fairness Hearing] <u>January 19, 2017</u>.

h. The Fairness Hearing will take place on [no less than 100 days from date of Preliminary Approval] <u>January 26, 2017</u> at <u>2:00</u> p.m. at the United States District Court for the Southern District of New York, in Courtroom 521, in The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York.

**SO ORDERED**

DATED: ~~July~~ 11, 2016
October

_____
Honorable Kenneth M. Karas