**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**THE SULTZER LAW GROUP**
Jason P. Sultzer
*sultzerj@thesultzerlawgroup.com*
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York  12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747

**TYCKO & ZAVAREEI LLP**
Jeffrey D. Kaliel
*jkaliel@tzlegal.com*
2000 L Street, Northwest, Suite 808
Washington, District of Columbia  20036
Telephone: (202) 973-0900
Facsimile: (202) 973- 0950

**HALUNEN LAW**
Melissa Wolchansky
*wolchansky@halunenlaw.com*
1650 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*Court Appointed Class Counsel*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TZIVA RAPOPORT-HECHT, MAGGIE TSAN, and ERICA WILDSTEIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>   v.<br><br>SEVENTH GENERATION, INC.,<br><br>                    Defendant. | No. 7:14-cv-09087-KMK<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES TO CLASS COUNSEL AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I. INTRODUCTION ........................................................................................................1

II. THE COURT SHOULD GRANT THE REQUEST FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES ........................3

    A. Class Counsel Negotiated Attorneys' Fees with Defendant Only after Agreeing upon the Settlement Terms ........................................................................4

    B. The Agreed-upon Attorneys' Fees and Litigation Expenses Are Reasonable and Warrant Approval ......................................................................4

        1. The Complexity, Magnitude, and Risks of the Action and the Contingent Nature of the Fee .................................................................7

        2. The Result Achieved and the Quality of Representation ............................8

        3. The Requested Multiplier of 1.1 Is Reasonable ..........................................9

    C. The Court Should Approve the Reimbursement of Class Counsel's Expenses ................................................................................................................9

    D. The Court Should Approve the Proposed Incentive Awards to the Class Representatives .........................................................................................10

III. CONCLUSION............................................................................................................12

CERTIFICATE OF SERVICE ................................................................................................13

# **TABLE OF AUTHORITIES**

**CASES**

*Backman v. Polaroid Corp.*,
    910 F.2d 10 (1st Cir. 1990) ............................................................................................... 8

*Behrens v. Wometco Enters., Inc.*,
    118 F.R.D. 534 (S.D. Fla. 1988) ....................................................................................... 8

*Blessing v. Sirius XM Radio Inc.*,
    507 F. App'x 1 (2d Cir. 2012) .................................................................................. 3, 4, 6

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974) ............................................................................................. 8

*DeLeon v. Wells Fargo Bank, N.A.*, No. 1:12-CV-04494,
    2015 WL 2255394 (S.D.N.Y. May 11, 2015) .................................................................. 5

*Fleisher v. Phoenix Life Ins. Co.*, No. 11-CV-8405 (CM),
    2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) .................................................................. 8

*Fogarazzo v. Lehman Bros.*, No. 03 CIV. 5194 SAS,
    2011 WL 671745 (S.D.N.Y. Feb. 23, 2011) ..................................................................... 5

*Goldberger v. Integrated Res., Inc.*,
    209 F.3d 43 (2d Cir. 2000) ....................................................................................... 4, 5, 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) .......................................................................................................... 4

*In re Hi-Crush Partners L.P. Sec. Litig.*, No. 12-CIV-8557 CM,
    2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014) ....................................................... 5, 6, 8, 10

*In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV.1262 RWS,
    2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) ................................................................ 7

*Maley v. Del Glob. Techs. Corp.*,
    186 F. Supp. 2d 358 (S.D.N.Y. 2002) ............................................................................... 9

*Raniere v. Citigroup Inc.*,
    310 F.R.D. 211 (S.D.N.Y. 2015) .......................................................................... 5, 6, 10

*Roberts v. Texaco, Inc.*,
    979 F. Supp. 185 (S.D.N.Y. 1997) .................................................................................... 5

*Shapiro v. JPMorgan Chase & Co.*, No. 11 CIV. 7961 CM,
   2014 WL 1224666 (S.D.N.Y. Mar. 24, 2014) ................................................................. 4, 9

*Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12CV4216 RLE,
   2014 WL 3778173 (S.D.N.Y. July 31, 2014) ................................................................ 7, 10

*Viafara v. MCIZ Corp.*, No. 12 CIV. 7452 RLE,
   2014 WL 1777438 (S.D.N.Y. May 1, 2014) .................................................................. 4, 5

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) ............................................................................................ 5, 9

*Zeltser v. Merrill Lynch & Co.*, No. 13 CIV. 1531 FM,
   2014 WL 4816134 (S.D.N.Y. Sept. 23, 2014) ......................................................... 5, 6, 9, 10

## OTHER AUTHORITIES

4 WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 11:38 (4th ed. 2008) ......... 10

Plaintiffs[1] Tziva Rapoport-Hecht, Maggie Tsan, and Erica Wildstein, individually and on behalf of all others similarly situated, respectfully submit this memorandum of law in support of their motion for an award of attorneys' fees, reimbursement of litigation expenses, and Incentive Awards for the class representatives (the "Motion").

**I.   INTRODUCTION**

As Plaintiffs discuss in detail in the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of the Class Action Settlement (filed concurrently herewith) and as they set forth in their papers in support of their motion for preliminary approval, Class Counsel achieved a very favorable Settlement on behalf of the Settlement Class Members after more than three years of hard work, including substantial investigation and discovery, vigorously contested litigation, and extensive arm's-length negotiations with the assistance of two professional mediators.

Importantly, the Settlement provides for substantial monetary compensation for the Settlement Class Members in the form of a $4,500,000 Settlement Fund from which Settlement Class Members may make claims for reimbursement for their purchases of the SVG Products, and which also provides for the costs of notice and claims administration, attorneys' fees and expenses, and incentive awards for the named Plaintiffs. Settlement Class Members with proof of purchase may each recover the purchase price stated on the receipt with no cap or limit, and Settlement Class Members without proof of purchase may seek reimbursement for 50% of the average purchase price of each SVG Product, up to 10 SVG Products.[2] (§ 4.2(j)(i), (ii).) This

---

[1] Unless otherwise indicated, all capitalized terms have the same meaning as in the Settlement Agreement. (*See* Class Settlement Agreement, ECF No. 48-1.) References to "§ __" are to sections in the Settlement Agreement.

[2] Monetary relief for the Settlement Class Members who submit timely, valid, and approved

substantial recovery is more than consumers would likely have received if the case had proceeded to, and succeeded at, trial.

Additionally, the Settlement Agreement provides for significant injunctive relief. Plaintiffs' allegations are that SVG deceptively and misleadingly marketed and labeled the SVG Products as "Natural." (*See generally* Am. Compl., ECF No. 41.) Through intensive negotiations, both before and during the pendency of the Action, as well as hard-fought pre-trial litigation, Plaintiffs brought about a Settlement that provides for permanent removal of the "All Natural" and "100% Natural" representations from the SVG Product labeling. (§ 4.5.) The Settlement's injunctive relief constitutes a major win for the Settlement Class Members.

The Parties only reached the Settlement after conducting significant investigation, research, and discovery and engaging in extensive arm's-length negotiations over the course of three years, including two mediation sessions before the Honorable Edward A. Infante (Ret.) of JAMS in San Francisco, California, a mediation session before Jed D. Melnick, Esq. of JAMS in New York, New York, and multiple settlement conferences. (*See* Decl. Reese ¶¶ 9–28.) The Settlement is an excellent result of these efforts because it requires Defendant to make a major labeling change and provides the Settlement Class Members with significant monetary relief.

Class Counsel now hereby move for $1,500,000 as payment of attorneys' fees and reimbursement of litigation expenses. Class Counsel also hereby request payments to Plaintiffs of $5,000 each (for a total of $15,000) for their contributions to, and active participation in, the Action as the class representatives.

---

Claims is subject to *pro rata* increase or decrease if there are excess funds or insufficient funds in the Settlement Fund. (§ 4.4.)

As the record before the Court demonstrates,[3] the favorable outcome in this case is the result of Class Counsel's hard work and diligent efforts. The amount Plaintiffs request in attorneys' fees and expenses for Class Counsel fairly and reasonably compensates them for over three years of hard work and diligent efforts in negotiating and litigating this matter, as well as their unreimbursed expenses. The requested amount is in line with prior decisions of courts in the Second Circuit. *See, e.g.*, *Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1, 4–5 (2d Cir. 2012) (upholding award of $13 million in fees for injunctive relief settlement achieved after three years of litigation).

Based on Plaintiffs' contributions to the Action and incentive awards in other cases, the incentive awards for Plaintiffs are also fair and reasonable. For all of the reasons given herein, the Court should grant Plaintiffs' Motion.

## II.  THE COURT SHOULD GRANT THE REQUEST FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS FOR THE CLASS REPRESENTATIVES

Class Counsel have spent more than three years prosecuting this matter. (*See* Decl. Reese ¶¶ 9–28.) They should now be compensated for their work. As Plaintiffs show below, the $1.5 million that Class Counsel seek here is well within the range of fee awards and reimbursement of costs in similar cases in the Second Circuit. For the reasons below, Class Counsel respectfully request that the Court issue an order granting their request for payment of $1.5 million for their labor, efforts, and expenses.

---

[3] The accompanying Declaration of Michael R. Reese is an integral part of this submission. Plaintiffs respectfully refer the Court to this Declaration for a detailed description of the factual and procedural history of the litigation, the claims asserted, the work Class Counsel performed, the settlement negotiations, and the numerous risks and uncertainties the litigation presented.

### A. Class Counsel Negotiated Attorneys' Fees with Defendant Only after Agreeing upon the Settlement Terms

As an initial matter, it is important to point out that Class Counsel did not negotiate attorneys' fees and expenses with Defendant until after the Parties had reached agreement as to the terms of the Settlement benefiting the Settlement Class Members. (Decl. Reese ¶ 27.) *Shapiro v. JPMorgan Chase & Co.*, No. 11 CIV. 7961 CM, 2014 WL 1224666, at *25 (S.D.N.Y. Mar. 24, 2014) ("That the Attorneys' Fee Payment was later separately negotiated weighs in favor of its reasonableness.").

Furthermore, the U.S. Supreme Court has held that negotiated, agreed-upon attorneys' fee provisions are the ideal toward which the parties should strive. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "A request for attorney's fees should not result in a second major litigation." *Id.* "Ideally, of course, litigants will settle the amount of a fee." *Id.*

### B. The Agreed-upon Attorneys' Fees and Litigation Expenses Are Reasonable and Warrant Approval

The fee request here is reasonable and worthy of the Court's approval.

Courts commonly look at two methodologies to determine the amount to award class counsel for their efforts in achieving relief for settlement class members: the lodestar method and the percentage-of-the-fund method. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47, 50 (2d Cir. 2000); *accord Blessing*, 507 F. App'x at 4. The lodestar approach is based upon "the number of hours reasonably billed to the class . . . [multiplied] by an appropriate hourly rate." *Goldberger*, 209 F.3d at 47. Once the court has made the initial computation, it may, in its discretion, increase the lodestar by applying a multiplier. *Id.*; *see, e.g.*, *Viafara v. MCIZ Corp.*, No. 12 CIV. 7452 RLE, 2014 WL 1777438, at *14 (S.D.N.Y. May 1, 2014) ("Courts award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher

4

multipliers."); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 197–98 (S.D.N.Y. 1997) (awarding a 5.5 multiplier).[4]

Under the percentage-of-the-fund method, the court sets a percentage of the common fund recovery as a fee. *Goldberger*, 209 F.3d at 47. District courts within the Second Circuit have routinely upheld attorneys' fee awards of 33-1/3% in class action cases. *E.g.*, *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 216, 220–22 (S.D.N.Y. 2015) (awarding 33-1/3% of class action settlement, an amount totaling $1,550,000, as attorneys' fees); *DeLeon v. Wells Fargo Bank, N.A.*, No. 1:12-CV-04494, 2015 WL 2255394, at *5 (S.D.N.Y. May 11, 2015) (awarding 33-1/3% of class action settlement fund as attorneys' fees); *In re Hi-Crush Partners L.P. Sec. Litig.*, No. 12-CIV-8557 CM, 2014 WL 7323417, at *12 (S.D.N.Y. Dec. 19, 2014) (same); *Zeltser v. Merrill Lynch & Co.*, No. 13 CIV. 1531 FM, 2014 WL 4816134, at *8 (S.D.N.Y. Sept. 23, 2014) (same); *Viafara*, 2014 WL 1777438, at *9–15 (same); *Fogarazzo v. Lehman Bros.*, No. 03 CIV. 5194 SAS, 2011 WL 671745, at *4 (S.D.N.Y. Feb. 23, 2011) (same).

Furthermore, under the percentage-of-the-fund method, it is appropriate to base the percentage on the full amount of the fund, *i.e.*, the gross compensation available for the Settlement Class Members to claim plus the additional benefits conferred on the Settlement Class by Defendant's payment of attorneys' fees and expenses and the expenses of notice and claims administration. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.").

---

[4] Courts within the Second Circuit use the lodestar method "[a]s a 'cross-check' to a percentage award." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005).

Under either method, the courts are "guided by the traditional criteria in determining a reasonable common fund fee, including: '(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.'" *Goldberger*, 209 F.3d at 50 (the "*Goldberger* reasonableness factors"); *accord Blessing*, 507 F. App'x at 4.

Here, the value of the Settlement Fund is $4.5 million. (§ 4.1(a).) The agreed-upon award of $1.5 million in Attorneys' Fees and Expenses is reasonable under the percentage-of-the-fund method, as it constitutes one-third of the value of the Settlement. *Raniere*, 310 F.R.D. at 216, 220–22; *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *12; *Zeltser*, 2014 WL 4816134, at *9 ("Class Counsel's request for one-third of the Fund is reasonable and 'consistent with the norms of class litigation in this circuit.'"). Furthermore, as Plaintiffs set out in more detail below and in the accompanying declarations of Class Counsel, the requested fee is also reasonable under the lodestar methodology. (Decl. Reese ¶¶ 37–40, 42; Decl. Wolchansky ¶¶ 5–8, 10 (filed concurrently herewith); Decl. Kaliel ¶¶ 2–6, 8 (filed concurrently herewith); Decl. Sultzer ¶¶ 3–5, 8 (filed concurrently herewith).) And, as set forth below, under either method, the requested fee is reasonable in light of the *Goldberger* reasonableness factors.

Class Counsel have devoted considerable time and effort to the investigation, prosecution, and settlement of this highly technical, complex action. Over the course of more than 36 months, Class Counsel have spent 2,007.65 hours in performance of their services, which has resulted in the Settlement. (Decl. Reese ¶ 38; Decl. Wolchansky ¶ 6; Decl. Kaliel ¶ 3; Decl. Sultzer ¶ 4.) The Settlement is an outstanding result for the Settlement Class Members, and,

indeed, it has already received preliminary approval from the Court. Due to the low dollar amounts at issue, the Settlement Class Members may never have received anything were it not for Class Counsel's efforts. *See Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12CV4216 RLE, 2014 WL 3778173, at *9 (S.D.N.Y. July 31, 2014) ("Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general,' attorneys who fill the private attorney general role must be adequately compensated for their efforts."). Class Counsel, however, have yet to be paid anything for their labor and efforts over the past three-plus years.

Class Counsel also have incurred expenses during the course of this case that have yet to be reimbursed, including but not limited to costs associated with mediation, court appearances, travel, and discovery. (Decl. Reese ¶ 41; Decl. Wolchansky ¶ 9; Decl. Kaliel ¶ 7; Decl. Sultzer ¶ 7.) Class Counsel's lodestar to date is $1,277,626.10 and expenses are $94,578.06.[5] (Decl. Reese ¶¶ 38, 41; Decl. Wolchansky ¶¶ 6, 9; Decl. Kaliel ¶¶ 3, 7; Decl. Sultzer ¶¶ 4, 7.)

### 1. The Complexity, Magnitude, and Risks of the Action and the Contingent Nature of the Fee

The risk of litigation that Class Counsel undertook was significant in light of the considerable time and resources they devoted to this case strictly upon a contingency basis. From the commencement of this litigation, Class Counsel have been paid nothing for their substantial efforts. The significant outlay of cash and personnel resources that Class Counsel have made has been completely at risk. (Decl. Reese ¶ 42; Decl. Wolchansky ¶ 10; Decl. Kaliel ¶ 8; Decl. Sultzer ¶ 8.) As Plaintiffs discuss above, there was a significant possibility that Class Counsel would recover nothing for their substantial efforts. *See In re Lloyd's Am. Trust Fund Litig.*, No.

---

[5] Class Counsel's lodestar does not, and will not, include any time incurred in seeking fees, including time spent drafting arguments in support of the request for an award of attorneys' fees.

7

96 CIV.1262 RWS, 2002 WL 31663577, at *28 (S.D.N.Y. Nov. 26, 2002) ("[C]ontingent fee risk is the single most important factor in awarding a multiplier[.]").[6]

Courts have recognized that the risk of non-payment in complex cases, such as the case at bar, is very real. There are numerous class actions in which plaintiffs' counsel expended thousands of hours and yet received no remuneration whatsoever despite their diligence and expertise. *See, e.g.*, *Backman v. Polaroid Corp.*, 910 F.2d 10 (1st Cir. 1990) (class counsel won a substantial jury verdict, but on appeal the judgment was reversed and the case dismissed, after 11 years of litigation). (Decl. Reese ¶ 30 (discussing where counsel spent years on litigation on contingency basis only to have case dismissed, with no compensation, due to change in the law).)

## 2. The Result Achieved and the Quality of Representation

The result achieved and the quality of the services provided are also important factors to consider in determining the amount of reasonable attorneys' fees. *Fleisher v. Phoenix Life Ins. Co.*, No. 11-CV-8405 (CM), 2015 WL 10847814, at *21 (S.D.N.Y. Sept. 9, 2015) ("Courts have consistently recognized that the result achieved is a major factor to be considered in making a fee award and in assessing the quality of the representation."); *see also Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 547–48 (S.D. Fla. 1988) ("Perhaps no better indicator of the quality of representation here exists than the result obtained. The quality of work performed in a case that settles before trial is best measured by the benefit obtained." (footnote omitted)).

Here, the goals of the litigation were to remedy SVG's allegedly false and misleading

---

[6] *See also In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *15 ("As the Second Circuit has observed, 'No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended.'" (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974)).

marketing and labeling of the SVG Products and to provide monetary compensation for the Settlement Class Members for their purchases of the SVG Products on account of the allegedly false and misleading marketing. Class Counsel's work in the litigation achieved both of these significant goals. (*See* §§ 4.1, 4.2, 4.5.) The substantial experience of Class Counsel in prosecuting consumer protection class action cases was an important factor in achieving these significant objectives. Indeed, Class Counsel have a proven track record in the prosecution of class actions, and they have successfully litigated many major class action cases. (*See* Decl. Reese ¶¶ 34–36; Decl. Reese, Ex. A; Decl. Wolchansky ¶¶ 2–4; Decl. Wolchansky, Ex. A; Decl. Kaliel, Ex. A; Decl. Sultzer ¶ 6; Decl. Sultzer, Ex. A.)

### 3. The Requested Multiplier of 1.1 Is Reasonable

To date, Class Counsel have expended no less than 2007.65 hours, for a lodestar of $1,277,626.10, based on market rates. (Decl. Reese ¶¶ 37–40; Decl. Wolchansky ¶¶ 5–8; Decl. Kaliel ¶¶ 2–6; Decl. Sultzer ¶¶ 3–5.) As of the date of the filing of this brief, the multiplier is 1.1, which falls well within the acceptable range awarded by courts within the Second Circuit. *Zeltser*, 2014 WL 4816134, at *9–10 (approving multiplier of 5.1 and citing numerous cases, including cases where the multiplier as high as 19.6); *Shapiro*, 2014 WL 1224666, at *24 (approving multiplier of 3.05); *Wal-Mart Stores, Inc.*, 396 F.3d at 123 (approving multiplier of 3.5 on appeal); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (finding multiplier of 4.65 was reasonable).

Here, taking into account the significant complexity of the issues, the risks of the litigation, and the contingent nature of the fee, a multiplier of 1.1 is certainly reasonable.

### C. The Court Should Approve the Reimbursement of Class Counsel's Expenses

Class Counsel have also expended $94,578.06 in costs, for which they should now be

9

reimbursed. (Decl. Reese ¶ 41; Decl. Wolchansky ¶ 9; Decl. Kaliel ¶ 7; Decl. Sultzer ¶ 7.) These costs, which included costs for deposition, professional mediators, and necessary travel, were integral to the prosecution of the case, and they also include costs associated with three mediation sessions as part of the process of reaching a resolution of the Action. (Decl. Reese ¶ 41; Decl. Wolchansky ¶ 9; Decl. Kaliel ¶ 7; Decl. Sultzer ¶ 7.) "It is well-settled that attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation of those clients." *Raniere*, 310 F.R.D. at 222; *see also In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *19 ("Because the expenses here were incurred with no guarantee of recovery, Lead Counsel had a strong incentive to keep them at a reasonable level, and did so.").

### D. The Court Should Approve the Proposed Incentive Awards to the Class Representatives

Plaintiffs have also moved the Court to approve Incentive Awards to the class representatives. "Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risk incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Sukhnandan*, 2014 WL 3778173, at *16 (S.D.N.Y. July 31, 2014) (approving service awards of $10,000 to each of the named plaintiffs, for a total of $40,000); *see also Zeltser*, 2014 WL 4816134, at *11 (awarding service awards of $12,500 to each of the three named plaintiffs); 4 WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 11:38 (4th ed. 2008).

Defendant has agreed to pay Incentive Awards of $5,000 each to Plaintiffs (for a total of $15,000) as compensation for their time and effort spent on the litigation. (§ 8.6.) Each Plaintiff performed an important and valuable service for the benefit of the Settlement Class. Each met,

conferred, and corresponded with Class Counsel as needed for the efficient process of this litigation. (*See* Decl. Rapoport-Hecht ¶¶ 6–9, 13–14 (filed concurrently herewith); Decl. Tsan ¶¶ 6–10, 14–15 (filed concurrently herewith); Decl. Wildstein ¶¶ 6–10, 14–15 (filed concurrently herewith); Decl. Reese ¶ 33.) Each Plaintiff has participated in numerous interviews by Class Counsel, provided personal information concerning the Action, and remained intimately involved in the mediation and litigation processes. (*See* Decl. Rapoport-Hecht ¶¶ 6–9, 13–14; Decl. Tsan ¶¶ 6–10, 14–15; Decl. Wildstein ¶¶ 6–10, 14–15.) Plaintiffs Tsan and Wildstein searched for and produced documents in response to SVG's document requests and responded to SVG's interrogatories and requests for admission. (Decl. Tsan ¶ 9; Decl. Wildstein ¶ 9.) Further, each Plaintiff actively participated in discussions related to the Settlement. (*See* Decl. Rapoport-Hecht ¶¶ 8, 14; Decl. Tsan ¶¶ 8, 15; Decl. Wildstein ¶¶ 8, 15.) Plaintiffs' actions have benefitted the Settlement Class Members to a significant degree (including by culminating in the Settlement).

Plaintiffs respectfully request that the Court approve the $5,000 Incentive Awards.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses to Class Counsel and Incentive Awards to the Class Representatives.

Date: December 13, 2016                           Respectfully submitted,

**REESE LLP**

By: */s/ Michael R. Reese*
Michael R. Reese
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**THE SULTZER LAW GROUP**
Jason P. Sultzer
*sultzerj@thesultzerlawgroup.com*
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York  12601
Telephone: (845) 483-7100
Facsimile: (888) 749-7747

**TYCKO & ZAVAREEI LLP**
Jeffrey D. Kaliel
*jkaliel@tzlegal.com*
2000 L Street, Northwest, Suite 808
Washington, District of Columbia  20036
Telephone: (202) 973-0900
Facsimile: (202) 973- 0950

**HALUNEN LAW**
Melissa Wolchansky
*wolchansky@halunenlaw.com*
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098

*Court Appointed Class Counsel*

## **CERTIFICATE OF SERVICE**

I, Michael R. Reese, hereby certify that on December 13, 2016, I caused an electronic copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system.

                                                                /s/ Michael R. Reese
                                                                Michael R. Reese