Docket and File

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED DEC 28 2016 U.S.D.C. WP

TZIVA RAPOPORT-HECHT,
MAGGIE TSAN, and ERICA
WILDSTEIN, individually and
on behalf of all others similarly
situated,

Plaintiffs,

v.

SEVENTH GENERATION, INC.,

Defendant.

No. 7:14-cv-09087-KMK

---

### OBJECTION OF PATRICK S. SWEENEY TO PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

---

NOW COMES, Pro Se Objector PATRICK S. SWEENEY, (hereinafter referred to as the "Objector"), and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

Objector has reviewed that certain notice of class action and proposed settlement that is not dated (the "Notice"). As a result, Objector believes that he is a member of the class, as it is defined in that Notice. The Objector has filed a claim in this matter before the claim deadline. The Objector's address, e-mail address and telephone number are listed at the conclusion of this objection.

### NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Fairness Hearing presently scheduled for **January 26, 2017** at 2:00 PM at the United States District Court for the Southern District of New York, before the Honorable Kenneth

1

M. Karas, United States District Judge, in Courtroom 521, in the Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

### **REASONS FOR OBJECTING TO THE SETTLEMENT**

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

   It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

   Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law developed (all three collectively referred to herein as "Class Action Policy"). Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard "for Class Action settlement process.

2. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorneys fees would elevate the concerns raised herein regarding Paragraphs No. 1.

3. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief.

2

4. The fee calculation is unfair in that the percentage of the settlement amount is far too high. The Objector states that in the 54 Docket Entries, very few entries, were substantive in nature. Of the 54 Docket Entries most were procedural in nature. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees and Costs in the amount of $1,500,000.00. Incredibly the requested fees represent approximately $27,777.00 per Docket Entry.

5. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted,

Patrick S. Sweeney /s/

Patrick S. Sweeney, Pro Se
6666 Odana Road
Suite 116
Madison, WI 53719
310-339-0548
patrickshanesweeney@gmail.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2016, I caused to be filed the foregoing with the Clerk, United States District Court for the Southern District of New York, by depositing this document in the kiosk for overnight delivery. When the Clerk files this document in the CM/ECF filing system all parties in this case who use the CM/ECF filing system will be noticed. In addition, all counsel listed in the Legal Notice were served by email at the e-mail address listed in their firm's website.

Patrick S. Sweeney /s/
Patrick S. Sweeney, Pro Se

RECEIVED
DEC 28 2016
U.S.D.C.
WP



CLERK OF COURTS
U.S. DISTRICT COURT
SOUTHERN DIST. OF NEW YORK
BRIEANT JR. FEDERAL COURTHOUSE
300 Quarropas STREET
WHITE PLAINS, NY 10601

