

San Francisco, CA 94104
djherling@mintz.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZIVA RAPOPORT-HECHT, MAGGIE TSAN and ERICA WILDSTEIN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEVENTH GENERATION, INC.<br><br>Defendant. | 7:14-cv-09087-KMK |

## OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

Class member and objector, Ashley Hammack, states as follows: My claim number in this class action is unknown because I never received one after making my claim per online instructions. I hereby object to the settlement as follows:

*Notice*

The notice does not properly inform the class what the class action lawsuit is all about. Though it states that it is about "the labeling, marketing and advertising of certain SVG Products," it does not say what the claims actually were. Was there an improper commercial? Did they use robocall? What was the advertising issue? A class member actually has to look at the amended class action complaint to learn that the labeling issue is the wording "natural," "non-toxic," and/or "hypoallergenic." The notice should give more information about what the claims against the Defendant are.

*Compensation for Class Members*

All residual funds should be distributed to class members until it is financially infeasible to do so. Money should not be distributed to cy pres beneficiary, except in very minimal amounts. All settlement funds should go to class members first and foremost. Only when additional

distributions to class members become less than a minimum amount, perhaps $3, should any funds go a third party beneficiary.

## *Injunctive Relief*

The nonmonetary/injunctive relief has no value to the class or the public. The proposed change means that SVG will use "Natural" instead of "All Natural" or "100% Natural." This change of labeling is still misleading to class members. A class member will still believe that the product does not contain unnatural ingredients it is labeled "Natural."

Additionally, the label will remain almost completely unchanged as it still will contain the words "natural," "hypoallergenic" and/or "non-toxic." The product will still contain the same toxic chemicals. A class member would have to go to a website in order to learn that the product still contains chemicals that could cause an allergic reaction. In the end, consumers will still be deceived into buying something that is not what it says it is.

## *Attorney's Fees*

The attorney's fees are outrageously high. Class counsel's fees should be limited to 25% of the total amount of money that is actually received by class members. Class counsel should not be paid 33% of the total amount to be paid by the Defendant. They should not get attorney's fees for amount that is paid to the settlement administrator. See *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). They should not get attorney's fees for money paid to cy pres beneficiaries. The attorneys should be rewarded for the amount of money that actually goes to the class. This would directly align the class and the class member's interests. This encourages class counsel to create a more robust effective notice for class members. This encourages class counsel to lower administrative costs.

## *Incentive Award*

The incentive award that class counsel is way too high. Five thousand dollars is too much compensation for each named plaintiff. The incentive award should be set at $500-$1,000.

For the foregoing reasons, the Court should deny final approval of the settlement.

*Declaration*

I declare, under penalty of perjury, that the information in this Objection is true and correct to the best of my knowledge, and that I resided in the United States and purchased in the United States, an eligible SVG Product during the Class Period for personal or household consumption and not for resale.

_____
Ashley Hammack

12/24/2016
Date



Ashley Hammack
2813 Lavell
Wichita Falls, TX 76308
12-26-16

## SENT VIA US MAIL AND EMAIL

Court
The United States District Court
for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Class Counsel
Michael R. Reese
Reese LLP
100 West 93rd Street, 16th Floor
New York, NY 10025
mreese@reeserichman.com

Melissa W. Wolchansky
Halunen Law
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
wolchansky@halunenlaw.com

Jeffrey D. Kaliel
Tycko & Zavareei LLP
1828 L Street, NW, Suite 1000
Washington D.C. 20036
jkaliel@tzlegal.com

Jason Sultzer
The Sultzer Law Group
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY, 12601
sultzerj@thesultzerlawgroup.com

Defense Counsel
Daniel J. Herling
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
44 Montgomery Street, 36th Floor

1



Ashley Hancock
2813 Iowell Ave
Wichita Falls, TX 76308

RECEIVED DEC 30 2016 U.S.D.C. WP

The U.S. District Court for
the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building
and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601

USMS SDNY