USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TZIVA RAPOPORT-HECHT, individually on behalf of herself and all others similarly situated, et al.,

                Plaintiffs,

-v-

SEVENTH GENERATION, INC.,

                Defendant.

Case No. 14-CV-9087 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

At the Conference held before the Court on January 26, 2017, the Court approved the proposed class action settlement in all substantive respects, but requested additional briefing regarding whether the proposed settlement class satisfies the requirements of Federal Rule of Civil Procedure 23, specifically, Rule 23(b)(3)'s predominance requirement. On February 17, 2017, Plaintiffs filed a supplemental memorandum of law detailing the class's suitability under Rule 23(b)(3). For the reasons to follow, the Court finds that the predominance requirement has been satisifed.

The claims in this case arise from Plaintiffs' allegation that Defendant misleadingly labeled its products as "natural," "non-toxic," and/or "hypoallergenic" when, in fact, the products have none of those qualities. (*See* Second Am. Compl. ¶ 1 (Dkt. No. 41).) On July 1, 2016, the Parties moved for preliminary approval of a settlement, (*see* Dkt. No. 42), and the Court granted that Motion on October 12, 2016, and set a date for the fairness hearing, (*see* Dkt. No. 52). At the fairness hearing held on January 26, 2017, the Court found that the settlement was procedurally and substantively fair, that the attorney's fees, expenses, and incentive awards

sought were justified, and that the objections levied by class members had no merit. (*See* Hr'g Tr. 71 (Jan. 26, 2017 Hr'g).) The Court, however, had questions regarding whether the class could be certified for settlement purposes. Although the Court found that the proposed class met the requirements of Rule 23(a) (as well as the implied ascertainability requirement), the Court questioned whether the proposed settlement class could meet the predominance requirement of Rule 23(b)(3). (*See id.* at 41.) To that end, the Court requested additional briefing from Plaintiffs addressing whether the predominance requirement had been satisfied for purposes of settlement. (*See id.* at 55–56.) Plaintiffs have submitted that briefing, and the Court now addresses the arguments and issues raised therein.

## I. Discussion

The issue confronted by the Court here under Rule 23(b)(3)'s predominance requirement is whether actual or potential variations in the state law claims that form the basis of the proposed class would require disparate proof among individual class members such that the requirement that "the legal or factual questions that qualify each class member's case as a genuine controversy are sufficiently similar as to yield a cohesive class" cannot be met. *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 240 (2d Cir. 2012) ("*AIG*") (internal quotation marks omitted). In particular, the Court questioned at the hearing whether a nationwide class could be certified for settlement purposes with respect to a claim under New York GBL § 349, (*see* Hr'g Tr. 41–42), and, if not, whether there were any other claims that could serve as the basis for class certification. Plaintiffs' counsel raised the possibility that the unjust enrichment claims could be asserted on behalf of a nationwide class, (*see id.* at 47), but the Court expressed hesitation given the lack of briefing about the viability of a nationwide unjust enrichment class,

2

(*see id.* at 52). With the benefit of more detailed briefing, however, the Court is now able to assess the viability of the proposed settlement class.

Plaintiffs first argue that any variation in state law is irrelevant to the predominance requirement because such variations implicate the manageability of the class, which is an issue that need not be confronted when certifying a settlement class. (*See* Suppl. Mem. of Law in Supp. of Pls.' Unopposed Mot. for Final Approval of the Class Action Settlement ("Suppl. Mem") 2 (Dkt. No. 73).) As Plaintiffs point out, (*see id.*), the mere existence of individualized questions, such as whether class members will have to prove reliance, can sometimes be classified as a manageability issue that need not be considered when certifying a class for settlement purposes, *see AIG*, 689 F.3d at 241 ("[W]ith a settlement class, the manageability concerns posed by numerous individual questions of reliance disappear."). But it does not follow that the Court is absolved of resolving the predominance issues that exist here merely because the class is sought to be certified for settlement purposes only. The issue in *AIG*, where the Second Circuit vacated and remanded the district court's decision to deny class certification to a settlement class, was not that different states' laws would apply to the claims asserted, but rather that, if the case proceeded to trial, the court would be burdened with hearing evidence with respect to each individual class member's reliance on the allegedly false statements. *See id.* at 241 (noting the issues that arise when class members must "prov[e] at trial that each individual plaintiff was aware of and specifically relied upon the defendant's false statement"). The circumstances in *AIG* were thus different from those here, as the question is not whether the proof of individualized issues of reliance (or other issues) would prove unworkable at trial, but rather whether differences in state law undermine the cohesiveness of the proposed class.

3

In remanding the case for further consideration, the Second Circuit instructed the district court to "pay particular attention to *Amchem*[ *Products, Inc. v. Windsor*, 521 U.S. 591 (1997)]'s guidance that in the settlement context Rule 23's requirements designed to protect absentees by blocking unwarranted or overbroad class definitions demand undiluted, even heightened, attention." *AIG*, 689 F.3d at 243 (alteration and internal quotation marks omitted). The court went on to point out that "[o]n the record before [it], it [was] not clear, for example, whether any members of the class may have viable state law claims that would be released by the settlement, *and whether variations in state law might cause class members' interests to diverge.*" *Id.* (emphasis added) (citing *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 302–03 (3d Cir. 2011)). The court thus did *not* hold, as Plaintiffs suggest here, that "state law variations are largely irrelevant to certification of a settlement class," (Suppl. Mem. 3 (internal quotation marks omitted) (quoting *Sullivan*, 667 F.3d at 304)), and instead instructed the district court to engage in the precise inquiry undertaken here—whether variations in state law prevent certification of a class for settlement purposes.

The court acknowledges that the Third Circuit, in *Sullivan*, has squarely held that "concerns regarding variations in state law largely dissipate when a court is considering the certification of a settlement class." 667 F.3d at 297. That decision, however, is not binding in the Second Circuit, and contrary to Plaintiffs' suggestion, (*see* Suppl. Mem. 4 n.2), the Second Circuit in *AIG* did not adopt the reasoning of *Sullivan*, and instead remanded to the district court to sort out the issues regarding variations in state law. Moreover, the cases in the Second Circuit cited by Plaintiffs do not stand for the proposition that variations in state law are irrelevant when certifying a class for settlement purposes. In *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601 (W.D.N.Y. 2011), which involved only preliminary approval of a settlement (though the

4

settlement was later finally approved), the court recognized that "to render certification of a proposed multi-state class action appropriate, [the] plaintiff must credibly demonstrate through an extensive analysis of state law variances, that class certification does not present the court with insuperable obstacles." *Id.* at 609 (alteration and internal quotation marks omitted). The court went on to say, however, that "[i]f a claim is based on a principle of law that is uniform among the states, class certification is a realistic *possibility*." *Id.* (emphasis added) (internal quotation marks omitted). Although the court acknowledged that the Third Circuit has ruled that "variations in the states' laws [do] not defeat the commonality and predominance requirements in the settlement context because the state-law distinctions impact trial manageability," the court gave no clear indication whether it was adopting that reasoning. *Id.* And in *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317 (S.D.N.Y. 2005), *aff'd in part, vacated in part*, 443 F.3d 253 (2d Cir. 2006), the court acknowledged that "there may be situations where variations in state laws are so significant so as to defeat commonality and predominance even in a settlement class certification," *id.* at 335 (internal quotation marks omitted), but nonetheless certified the class because "many of the key issues . . . [were] matters of federal law," and "many of [the] plaintiffs' most significant state law causes of action [could] be governed by a single state's law," *id.* Finally, the court noted that "[e]ven insofar as [the] plaintiffs' claims would require the application of varying state laws, the variations [were] not so great as to defeat predominance." *Id.* These cases thus do not establish that variations in state law are per se irrelevant when evaluating a settlement class for certification, and instead hold that the circumstances of each case govern the suitability of the class under Rule 23(b)(3).

Although the Court declines Plaintiffs' invitation to adopt a blanket rule regarding variations among states' laws, the Court nonetheless finds that certification of the proposed

5

settlement class is appropriate here. As Plaintiffs point out, numerous courts have certified nationwide classes based on a common claim of unjust enrichment, (*see* Suppl. Mem. 5), and some have done so while explicitly recognizing that there are some minor variations among states regarding the elements of unjust enrichment, (*see* Suppl. Mem. 6–7). These cases can be rationalized on the reasoning that "[a]lthough there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences," and regardless of which state's law applies, "the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. 2009), *clarified by* 267 F.R.D. 113 (2010), *modified by* 2010 WL 2976496 (July 22, 2010) (internal quotation marks omitted). Thus, while states' laws may differ on unjust enrichment with respect to issues such as whether the plaintiff "must prove an actual loss or impoverishment" or confront the availability of various defenses, *In re Grand Theft Auto Video Game Consumer Litig.*, 251 F.R.D. 139, 148 (S.D.N.Y. 2008), those differences do not materially affect the "two fundamental elements" of an unjust enrichment claim—that "the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff," *In re Mercedes-Benz*, 257 F.R.D. at 58.

Moreover, to the extent state law variations in a broadly recognized common law cause of action, like unjust enrichment, implicate concerns of overbreadth or lack of cohesion, courts have recognized that the availability of subclasses vitiates any such concerns. *See, e.g., Cassese v. Wash. Mut., Inc.*, 255 F.R.D. 89, 97–98 (E.D.N.Y. 2008) ("Even if a substantial variation in applicable state laws were to arise, the [c]ourt may employ subclasses or decertify those state law subclasses whose adjudication becomes unmanageable." (alteration and internal quotation marks omitted)). And while the Court does not adopt, in full, Plaintiff's argument that variations in

state law implicate *only* manageability concerns, which need not be addressed when analyzing a settlement class, *see In re Initial Public Offering Sec. Litig.*, 226 F.R.D. 186, 190 (S.D.N.Y. 2005), the Court does agree that questions about the ability of the Court to coordinate discovery and trial among several subclasses that implicate the same broad issues of liability and proof are best characterized as questions about manageability that need not be addressed here.

Given the authority providing for certification in similar circumstances, *see, e.g.*, *In re Nissan Radiator/Transmission Cooler Litig.*, No. 10-CV-7493, 2013 WL 4080946, at *21 (S.D.N.Y. May 30, 2013) (certifying a nationwide settlement class raising, among others, claims for unjust enrichment); *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06-CV-5173, 2008 WL 1956267, at *13–14 (S.D.N.Y. May 1, 2008) (same), and the absence of any substantial differences among states' laws of unjust enrichment that would lead the Court to conclude that the proposed settlement class is insufficiently cohesive or impermissibly broad, the Court agrees with the Parties that certification of the proposed settlement class is appropriate in these circumstances.

## II. Conclusion

For the foregoing reasons, the Court concludes that the proposed settlement class meets the predominance requirement of Rule 23(b)(3), and for the reasons stated on the record at the fairness hearing on January 26, 2017, the Court concludes that certification of the settlement class is appropriate, the proposed settlement is both procedurally and substantively fair, and the proposed fees, expenses, and incentive awards are likewise appropriate. As set forth in the accompanying Order, the proposed settlement is approved in all respects, and fees, expenses, and incentive awards are granted in the amount specified in the accompanying Order. The Clerk of Court is respectfully directed to terminate the pending Motions. (*See* Dkt. Nos. 57, 59.)

SO ORDERED.

DATED: April 23, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE