USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TZIVA RAPOPORT-HECHT, MAGGIE TSAN, and ERICA WILDSTEIN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEVENTH GENERATION, INC,<br><br>Defendant. | Case No. 7:14-CV-09087-KMK<br><br>[PROPOSED] ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT  |

On the 26th day of January 2017, a hearing was held before this Court to determine: (1) whether the Class Action Settlement Agreement ("Settlement Agreement") should be finally approved as fair, reasonable, and adequate for the Settlement Class; (b) whether Class Counsel's application for attorneys' fees and expenses and if an incentive award for Plaintiffs should be granted; and, (c) whether a judgment granting approval of the Settlement Agreement and dismissing the Action with prejudice should be entered; and

Based upon the submissions of the Parties and consideration of all matters submitted to the Court at the Fairness Hearing, and otherwise confirming that the notice of the proposed settlement and hearing was published in the manner previously approved of by the Court,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, all Class Members, and Defendant Seventh Generation, Inc. ("SVG" or "Defendant"). Without in any way affecting the finality of this Final Judgment and Order Approving Settlement, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Judgment and Order Approving Settlement, and for any other necessary purpose.

2. All capitalized terms and definitions not otherwise defined herein shall have the meaning set forth in the Settlement Agreement.

3. The Court finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court-appointed Class Representatives are typical of the claims of the Class they

represent; (d) the Class Representatives have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies for purposes of settlement the above-caption actions as a class action on behalf of the Settlement Class, defined as:

> All persons and entities who, during the Class Period, both resided in the United States and purchased in the United States any of the SVG Products for their household use or personal consumption and not for resale. Excluded from the Settlement Class are: (a) SVG's board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.



5. "Class Period" means the period from November 14, 2010, up to and including the date of the Court's Order Preliminary Approving Class Action Settlement, Certifying Settlement Class, Approving Notice Plan, and Scheduling Date for Final Fairness Hearing (the "Preliminary Approval Order").

6. The "Products" or "SVG Products" means Defendant's products as set forth in Exhibit E to the Settlement Agreement, purchased by Settlement Class Members during the Class Period, as well as any of the Defendant's products that are purchased in the future, provided that there is no substantial change in their formulation or Defendant's labeling, marketing or advertising of the Products that would be material to the claims resolved in the Settlement Agreement.

3

7. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definition above, except those Class Members who timely and validly excluded themselves from the Class, are Settlement Class Members bound by this Judgment.

8. Persons who properly excluded themselves from the Class are listed on Exhibit 1 annexed hereto.

9. The Court reaffirms the appointment of Plaintiffs Tziva Rapoport-Hecht, Maggie Tsan, and Erica Wildstein as Class Representatives, and finds that they have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

10. The Court reaffirms the appointment of Michael R. Reese of Reese LLP; Melissa W. Wolchansky of Halunen Law; Jeffrey D. Kaliel of Tycko & Zavareei LLP and Jason Sultzer of The Sultzer Law Group as Class Counsel. The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel, and finds that Class Counsel has adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

11. The Court finds that the Class meets all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for certification of the class claims alleged in the Third Amended Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representatives and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

12. The Court finds that notice was given to Settlement Class Members pursuant to the Notice Plan and the Preliminary Approval Order, and that said notice was appropriate under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full

compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The Settlement Class Members received notice of (a) the pendency of the Action; (b) the terms of the proposed Settlement, including the Release; (c) their rights under the proposed Settlement; (d) their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement; (f) their right to appear at the Fairness Hearing; (g) Class Counsel's request for attorneys' fees and expenses and an incentive award to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Class.

13. The Court finds that notice of the proposed Settlement was provided to the appropriate state and government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and government officials the requisite ninety (90) day time period to comment or object to the proposed Settlement before entering this Final Judgment and Order Approving Settlement and no such comments or objections were received.

14. The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. The Court has considered all objections to the Settlement and overrules them as without merit as stated on the record at the January 26, 2017 hearing. Accordingly, the Court hereby directs that the Settlement shall be effected in accordance with the terms of the Settlement Agreement (all of which terms and definitions are adopted and incorporated herein by reference).

15. The terms of the Settlement Agreement, and of this Final Judgment and Order Approving Settlement, shall be forever binding on, and shall have *res judicata* and preclusive

effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

16. Defendant is ordered to implement the terms and conditions of the Settlement Agreement, including payment to all Settlement Class Members who have not excluded themselves from this Settlement and who submit a timely, valid Claim pursuant to the Settlement Agreement, and to implement the terms of the injunctive relief agreed to in the Settlement Agreement.

17. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiffs initiated the litigation, acted to protect the Class, and assisted their Counsel on behalf of the Class. The efforts of Class Counsel have produced the Settlement Agreement entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $1,500,000.

18. Further, the Court approves a $5,000 Incentive Awards to each of the Class Representatives.

19. The Fees and Expense Award and Plaintiffs' Service Awards shall be paid by Defendant pursuant to the time table set forth in the Settlement Agreement.

20. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

21. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating, or receiving any benefits or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts, or circumstances in this Action or the Released Claims except claims relating to the enforcement of the Settlement of the Action. The Released Claims includes only those claims arising out of or relating to the allegations in the Amended Class Action Complaint and the labels or advertising of any SVG Products and does not include any other products. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

22. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation

23. Final Judgment shall be entered herein.

**SO ORDERED**

DATED: April 28, 2017

Honorable Kenneth M. Karas

| Exclusion List | | |
|---|---|---|
| First Name | Last Name | Status |
| Melissa | Houk | Timely |
| Yongok | Song | Timely |
| Lisa & FJ | Taylor | Timely |
| Elly | Ventura | Timely |
| Willis | Johnson | Timely |
| Cheyenne | Upson | Timely |
| Deborah | Ann | Timely |
| Valerie | Sagers | Timely |
| Jennifer | Lawton | Timely |
| David | Pociask | Timely |
| Michael | Lynch | Timely |
| Isabella | Ekeh | Late |
| Ravi | Nelavelli | Late |
| Viola | Ratajczak | Late |